J-S32008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JASON KRANER, | |
| Appellee | No. 1164 WDA 2014 |

Appeal from the Order July 16, 2014
In the Court of Common Pleas of Lawrence County
Criminal Division at No(s): CP-37-CR-0000333-2013

BEFORE:  SHOGAN, OLSON, and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 10, 2015**

The Commonwealth purports to appeal from the trial court's pre-trial order, entered July 16, 2014, denying the Commonwealth's motion for reconsideration.  Notice of Appeal, 7/17/14, at 1.  For reasons that follow, we quash the appeal.

In this case, Jason Kraner ("Appellee") was charged with eight offenses, stemming from an altercation with another individual and his subsequent arrest.  Appellee filed a pretrial *habeas corpus* petition asserting that the Commonwealth failed to establish a *prima facie* case as to these charges.  Appellee also filed a petition for the return of property that was seized upon his arrest.  The trial court, by order entered May 2, 2014, granted Appellee's petition for *habeas corpus* relief as to seven of the eight charges and granted Appellee's petition for return of property.

Subsequently, on May 7, 2014, the Commonwealth filed a motion for reconsideration of the trial court's May 2, 2014 order, granting Appellee's petition for *habeas corpus* as to seven of the eight charges and Appellee's petition for return of property. Commonwealth's Motion for Reconsideration, 5/7/14, at 1-2.

The trial court issued an order on May 27, 2014, scheduling a hearing on the motion for reconsideration for June 6, 2014. Order, 5/27/14, at 1. A motion for continuance by defense counsel was filed and, by order entered June 3, 2014, the trial court continued the hearing on the motion to July 7, 2014. Order, 6/3/14, at 1. On July 16, 2014, the trial court denied the Commonwealth's motion for reconsideration. The Commonwealth filed its notice of appeal on July 17, 2014, "from an Order entered by the Court of Common Pleas in the Matter on the 16[th] day of July, 2014. The July Order was issued upon Motion for Reconsideration of an original order entered on the 2[nd] day of May, 2014." Notice of Appeal, 7/17/14, at 1.

The question of timeliness of an appeal is jurisdictional. **Commonwealth v. Moir**, 766 A.2d 1253, 1254 (Pa. Super. 2000). Time limitations on appeal periods are strictly construed and cannot be extended as a matter of grace. **Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002); **see also** Pa.R.A.P. 105(b) (stating that, although an appellate court may enlarge the time prescribed in the rules of appellate procedure for good cause shown, the court may not enlarge the time for filing a notice of appeal).

In order to preserve the right to appeal a final order of the trial court, a notice of appeal must be filed within thirty days after the date of entry of that order. Pa.R.A.P. 903(a). Although the entry of a final order triggers the thirty-day appeal period, this period may be tolled if the trial court expressly grants a motion for reconsideration within the thirty-day period. Pa.R.A.P. 1701(b)(3). Although a party may file a motion for reconsideration pursuant to Pa.R.A.P. 1701, a trial court's "[f]ailure to 'expressly' grant reconsideration within the time set by the rules for filing an appeal will cause the trial court to lose its power to act on the application for reconsideration." *Moir*, 766 A.2d at 1254. The mere filing of a motion for reconsideration is insufficient to toll the appeal period. *Moore v. Moore*, 634 A.2d 163, 167 (Pa. 1993). Rule 1701 is very clear: the thirty-day appeal period is tolled only by a timely order "expressly granting" reconsideration; the establishment of a briefing schedule, hearing date, or issuance of a rule to show cause does not suffice. *Valley Forge Center Associates v. Rib-It, K.P., Inc.*, 693 A.2d 242, 245 (Pa. Super. 1997); *see Moir*, 766 A.2d at 1254 (holding that the trial court's action of granting a rule to show cause and setting a hearing date on a motion for reconsideration was insufficient to toll the appeal period.) "Therefore, as the comment to Pa.R.A.P. 1701 explains, although a party may petition the court for reconsideration, the simultaneous filing of a notice of appeal is necessary to preserve appellate rights in the event that either the trial court fails to grant the petition expressly within 30 days, or it denies the petition."

*Moir*, 766 A.2d at 1254; Pa.R.A.P. 1701, Cmt. Moreover, we have consistently held that an appeal from an order denying reconsideration is improper and untimely. *Moir*, 766 A.2d at 1254.

In the instant case, the final, appealable order was entered on May 2, 2014. Neither the trial court's May 27, 2014 order scheduling the hearing on the Commonwealth's motion for reconsideration, nor the trial court's June 3, 2014 order continuing the hearing expressly granted reconsideration within the thirty-day appeal period. Indeed, the trial court did not act on the motion for reconsideration by denying it until July 16, 2014, more than thirty days after entry of the final appealable order. By that time, the trial court was without authority and lacked jurisdiction to act upon the motion for reconsideration.[1] *Moir*, 766 A.2d at 1254.

Therefore, because the Commonwealth did not file a timely appeal from the May 2, 2014 order, thereby preserving its appellate rights, we are without jurisdiction to entertain the appeal. *Moir*, 766 A.2d at 1254. We thus conclude we must quash this appeal as untimely and improper.

Appeal quashed.

_____

[1] We note that this case is procedurally distinguishable from those in which post-sentence or post-trial motions may be filed. Here, the trial court's order disposed of pretrial matters. As such, the motion for reconsideration cannot be construed as a post-sentence or post-trial motion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2015