J-S67020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TYLER T. HEAGY | |
| Appellant | No. 667 MDA 2015 |

Appeal from the Judgment of Sentence October 7, 2014
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000680-2014

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                **FILED JANUARY 15, 2016**

Appellant, Tyler T. Heagy, appeals from the judgment of sentence entered October 7, 2014, in the Court of Common Pleas of Lebanon County. After careful review, we quash.

On October 7, 2014, Appellant entered a guilty plea to criminal trespass, two counts of simple assault, reckless endangerment, criminal mischief, and two summary counts of harassment.[1] Immediately thereafter, the trial court sentenced Appellant to an aggregate term of time served to 23 months' imprisonment. Appellant's trial counsel did not file a post-sentence motion within ten days of the entry of the judgment of sentence.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3503(a)(1)(ii); 2701(a)(1); 2705; 3304(a)(2); and 2709(a)(1), respectively.

However, on October 20, 2014, Appellant, who was incarcerated, filed a *pro se* post-sentence motion seeking to withdraw his guilty plea. Over the following months, Appellant filed several *pro se* petitions, including a petition seeking the appointment of new counsel for litigating his post-sentence motion, which the trial court granted on January 22, 2015. Newly appointed counsel thereafter filed a Memorandum Supporting Defendant's Post-Sentence Motion on February 27, 2015. The trial court denied Appellant's post-sentence motion on March 16, 2015, and Appellant filed the instant appeal on April 14, 2015.

Prior to reaching the merits of Appellant's arguments, we must first determine whether this Court has jurisdiction to hear this appeal. A notice of appeal must be filed within 30 days of the entry of the order being appealed. *See* Pa.R.A.P. 903(a); *Commonwealth v. Moir*, 766 A.2d 1253, 1254 (Pa. Super. 2000). This Court may not extend the time for filing a notice of appeal. *See* Pa.R.A.P. 105(b).

Rule 720 of the Pennsylvania Rules of Criminal Procedure provides that a party may file post-sentence motions no later than 10 days after imposition of sentence. A timely motion tolls the appeal period; an untimely motion does not. *See Commonwealth v. Dreves*, 839 A.2d 1122 (Pa. Super. 2003) (*en banc*); *Commonwealth v. Felmlee*, 828 A.2d 1105 (Pa. Super. 2003) (*en banc*). This Court has long recognized that the 30-day appeal period must be strictly construed, as it is jurisdictional in nature. *See Moir*, 766 A.2d at 1254. Therefore, "where the defendant does not file

- 2 -

a timely post-sentence motion, there is no basis to permit the filing of an appeal beyond 30 days after the imposition of sentence." **Commonwealth v. Green**, 862 A.2d 613, 618 (Pa. Super. 2004) (*en banc*).

Here, Appellant's judgment of sentence was entered on October 7, 2014. Therefore, the due date for the filing of a post-sentence motion with the clerk of courts was October 17, 2014. **See** 1 Pa.C.S.A. § 1908; Pa.R.Crim.P. 720(A)(1). Appellant's motion was not filed with the clerk of courts until October 20, 2014. Thus, on its face, Appellant's post-sentence motion did not toll the 30-day appeal period. **See** Pa.R.Crim.P. 720(A)(3) ("If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence….").

Appellant asserts, and the trial court agreed, that his post-sentence motion was timely filed pursuant to the prisoner mailbox rule. **See** Response to Motion to Show Cause, 5/26/15; Trial Court Opinion, 3/16/15 at 4-5. We disagree.

Under the prisoner mailbox rule, timeliness of a filing from an incarcerated *pro se* party is measured from the date the prisoner places the filing in the institution's mailbox. **See Smith v. Pa. Bd. Of Prob. and Parole**, 683 A.2d 278, 281 (Pa. 1996). This rule applies to "all appeals from *pro se* prisoners[.]" **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (citation omitted).

Our review of the record reveals that Elizabeth Judd, Esquire, represented Appellant at trial. At the time Appellant filed his *pro se* post-sentence motion, counsel had not sought to withdraw her appearance, and was thus still representing Appellant. Although Appellant filed a *pro se* post-sentence motion, our courts have made clear that a defendant who is represented by counsel may not engage in hybrid representation by filing *pro se* documents. ***See***, ***e.g.***, ***Commonwealth v. Ali***, 10 A.3d 282, 293 (Pa. 2010) (where appellant was represented by counsel on appeal, his *pro se* Rule 1925(b) statement was a "legal nullity"); ***Commonwealth v. Ellis***, 626 A.2d 1137, 1139, 1141 (Pa. 1993) ("[T]here is no constitutional right to hybrid representation either at trial or on appeal. ... A [defendant] may not confuse and overburden the court by his own *pro se* filings of briefs at the same time his counsel is filing briefs on his behalf."). Thus, the imperative was on Appellant's counsel to file a timely post-sentence motion, and because Appellant was still represented by counsel at the time he filed his *pro se* post-sentence motion, that *pro se* filing constituted a legal nullity.

Although Appellant later requested and was appointed new counsel for the purpose of litigating his post-sentence motion, the Memorandum of Law Supporting Defendant's Post-Sentence Motion filed February 27, 2015, did not excuse or rectify the untimely filing of Appellant's post-sentence

motion.[2] The notice of appeal filed by Appellant's new counsel was likewise untimely as it was filed over six months after the imposition of the judgment of sentence, well in excess of the 30-day requirement.

Although the trial court in this case ruled on the merits of the untimely post-sentence motion following the appointment of new counsel, **see** Opinion and Order, 3/16/15, the trial court's order "is no substitute for an order expressly granting *nunc pro tunc* relief." **Dreves**, 839 A.2d at 1129.

Based on the foregoing, Appellant has failed to preserve his right to appellate review by filing a timely post-sentence motion and/or a timely notice of appeal. We therefore quash the appeal. Our quashal is without prejudice to Appellant to seek post-conviction relief.

Appeal quashed.

Judge Bowes joins the memorandum.

Judge Platt concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/15/2016

---

[2] Appellant's new counsel did not request permission from the trial court to file a post-sentence motion *nunc pro tunc*. **See Dreves**, 839 A.2d at 1128 ("If the trial court does not expressly grant *nunc pro tunc* relief, the time for filing an appeal is neither tolled nor extended.").