COMMONWEALTH of Pennsylvania,
Appellee,

v.

William J. MOIR, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 18, 2000.
Filed Dec. 21, 2000.
Reargument Denied March 2, 2001.

Robert H. Bascom, State College, for appellant.

Ray F. Gricar, Asst. Dist. Atty., Bellefonte, for Com., appellee.

Before CAVANAUGH, STEVENS and BROSKY, JJ.

BROSKY, J.:

¶ 1 William J. Moir filed a notice of appeal from the trial court's denial of reconsideration of his convictions under the Pennsylvania Game and Wildlife Code, 34 Pa.C.S.A. §§ 101–2965, all of which related to licensing violations. As we conclude that we are without jurisdiction, we quash the appeal.

¶ 2 Appellant's convictions followed a summary appeal hearing on August 24, 1999. Entry of the orders adjudging him guilty and imposing fines was made on the docket on August 27, 1999. Because the underlying violations are summary offenses, he was precluded from filing post-sentence motions. 34 Pa.C.S.A. § 2711(b); Pa.R.Crim.P. 1410(D). Counsel did, however, file a Motion for Reconsideration on September 7, 1999. *See* Note following Pa.R.Crim.P. 1410 ("Although there are no post-sentence motions in summary appeals following the trial *de novo* pursuant to Section (D), nothing in this rule is intended to preclude the trial judge from acting on a defendant's petition for reconsideration [pursuant to 42 Pa.C.S.A. § 5505].") The trial court did not expressly grant reconsideration, although it entered an order on September 20, 1999 scheduling oral argument on the motion for October 12, 1999. Argument was held, and the trial court denied reconsideration on that same date. This appeal followed on November 12, 1999.

¶ 3 The question of timeliness of an appeal is jurisdictional. *Lee v. Guerin*, 735 A.2d 1280 (Pa.Super.1999). In order to preserve the right to appeal a final order of the trial court, a notice of appeal must be filed within thirty days after the date of entry of that order. Pa.R.A.P. 903(a); *Valley Forge Center v. Rib It/K.P., Inc.*, 693 A.2d 242, 245 (Pa.Super.1997)(citing *First Seneca Bank v. Sunseri*, 449 Pa.Super. 566, 674 A.2d 1080, 1084 (1996).)

¶ 4 It is well-settled that, upon the filing of a motion for reconsideration, a trial court's action in granting a rule to show cause and setting a hearing date is insufficient to toll the appeal period. *Valentine v. Wroten*, 397 Pa.Super. 526, 580 A.2d 757 (1990). Rather, the trial court must expressly grant reconsideration within thirty days of entry of its order. Pa.

R.A.P. 1701. "Failure to 'expressly' grant reconsideration within the time set by the rules for filing an appeal will cause the trial court to lose its power to act on the application for reconsideration." *Schoff v. Richter*, 386 Pa.Super. 289, 562 A.2d 912, 913 (1989); *Cheathem v. Temple University Hospital*, 743 A.2d 518 (Pa.Super.1999). "Therefore, as the comment to Pa.R.A.P. 1701 explains, although a party may petition the court for reconsideration, the simultaneous filing of a notice of appeal is necessary to preserve appellate rights in the event that either the trial court fails to grant the petition expressly within 30 days, or it denies the petition." *Valley Forge Center, supra*, 693 A.2d at 245. Moreover, we have consistently held that an appeal from an order denying reconsideration is improper and untimely. *Valentine, supra*.

¶ 5 In the instant case, the final, appealable order was entered on August 27, 1999. The trial court's September 20, 1999 order scheduling oral argument on Appellant's motion for reconsideration did not expressly grant reconsideration within the thirty day appeal period. Indeed, the trial court did not act on the motion for reconsideration by denying it until October 12, 1999, more than thirty days after entry of the final appealable order. By that time, the trial court was without authority and lacked jurisdiction to act upon the motion for reconsideration or to amend or modify the August 27, 1999 order. *See* 42 Pa.C.S.A. § 5505;[1] *Valley Forge Center, supra; see also Commonwealth v. Holden*, 358 Pa.Super. 238, 516 A.2d 1273 (1986).

¶ 6 Therefore, because Appellant did not file a timely appeal from the August 27, 1999 order, thereby preserving his appellate rights, we are without jurisdiction to entertain the appeal. *Valley Forge Center, supra*. We thus conclude we must

---

1. That section provides as follows.

    **§ 5505. Modification of orders**

    Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order **within 30 days after its entry,** notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

    42 Pa.C.S.A. § 5505 (emphasis added).

quash this appeal as untimely and improper.

¶ 7 Appeal quashed.

¶ 8 CAVANAUGH, J., files a dissenting opinion.

CAVANAUGH, J., dissenting:

¶ 1 I respectfully dissent. I would find that we have jurisdiction to consider appellant's issues and would reverse on the merits.

¶ 2 On May 8, 1995, appellant was found guilty of unlawfully killing a white-tail deer. At a meeting on February 7, 1996, the Game Commission suspended appellant's privilege to hunt and to secure a hunting license for a period of three years effective July 1, 1996. Appellant was given no notice of the right to appear before the Game Commission during the meeting in which his privilege was suspended.[2] The Game Commission sent a letter to inform appellant of his suspension and his right to appeal that determination within 30 days. However, the Game Commission failed to properly address the letter to appellant.[3] The letter was eventually returned undelivered.[4] Appellant was unaware of his suspension. Thereafter, during the period of suspension, he purchased a general hunting license, a bear license, an archery license, a migratory game bird license, and an antlerless deer license. Appellant correctly and accurately supplied all personal information necessary to obtain these licenses including his name and address.

¶ 3 In 1998, Michael Ondik of the Game Commission reviewed computerized records which revealed that appellant purchased an antlerless deer license. Ondik recognized appellant's name as being under suspension. Ondik initiated an investigation in which it was learned that appellant had recently reported to the Commission that he had taken a black bear. Within a matter of days from the start of the investigation, Ondik spoke with appellant who freely disclosed that he held a variety of licenses and permits, but that he did not know his hunting privilege had been revoked.

¶ 4 As a result of the investigation, appellant was charged with six Game and Wildlife Code offenses under 34 Pa.C.S.A. §§ 2307(a) and 2711(a)(10): one for each license he purchased and one for the bear he killed during the period his hunting privileges were suspended. District justices found appellant guilty of all six criminal informations and assessed fines in excess of $1000 during three hearings in early 1999. Appellant appealed from his summary convictions and on August 24, 1999, a consolidated *de novo* trial was held, non-jury, before the Court of Common Pleas of Centre County.

¶ 5 At trial, appellant presented evidence which tended to show that the Game Commission never gave him notice that his privilege to purchase licenses and to hunt was suspended. The court concluded that appellant's actions demonstrated his lack of knowledge of the revocation in that when appellant purchased the licenses, he freely disclosed who he was and where he could be found, and when he killed the bear, he properly presented it at the check-station. Nonetheless, the court reluctantly found appellant guilty of all six offenses and ordered him to pay the fines assessed by the district justices. The court stated on the record that it was compelled to convict despite the lack of actual notice of suspension. The court

2. Even though the public is permitted to speak at these meetings, it is not the Game Commission's policy to give notice to those whose rights are being affected.

3. While the Game Commission was in possession of an address appellant supplied nearly a year before, the Game Commission used an improper ZIP code. The ZIP code the Game Commission used was for Oil City, Pennsylvania rather than State College, Pennsylvania.

4. There is no testimony that the Post Office attempted to deliver the letter to the State College address that appellant supplied. Instead, appellant presented testimony that the letter was never delivered.

opined that the notice provision as contained within the Game and Wildlife Code may be unconstitutional and is confusing for outdoorsmen in this Commonwealth. The court, on the record, opined that the instant matter might eventually be appealed to this court for resolution.

¶ 6 On September 7, 1999, appellant filed a motion for reconsideration for all six offenses. On September 20, 1999, the court scheduled argument on the motion for October 12, 1999. At the conclusion of the hearing on October 12, 1999, the court denied appellant's motion for reconsideration, and erroneously stated, on the record, that denial of reconsideration was necessary for appellant to perfect an appeal to this court. The court then amended its previous order of August 27th to reflect a change in the section of the Game and Wildlife Code that appellant had been convicted of violating. The amended order was docketed October 25, 1999. Appellant appeals from the amended order.[5]

¶ 7 Appellant raises the following issues on appeal:

1. Whether the Commonwealth proved beyond a reasonable doubt that the notice of suspension was mailed to [appellant's] last known address?

2. Did the court err in overruling [appellant's] hearsay objection concerning notice of suspension sent via certified mail?

The Commonwealth informed us that it finds appellant's issues to be of merit and accordingly, that it has declined to file a brief in opposition.

¶ 8 As a threshold issue, the majority claims we have no jurisdiction because appellant did not file a timely appeal from the August 27, 1999, order. Notice of appeal must be filed within 30 days of the entry of an order to preserve the right of appeal. Pa.R.A.P. 903(a); *Valley Forge Center v. Rib–It/K.P., Inc.*, 693 A.2d 242, 245 (Pa.Super.1997). However, appellant does not appeal from the August 27, 1999, order, but from the amended order of October 12, 1999, docketed October 25, 1999, which amended the section of which appellant was convicted.[6] Since appellant appealed within 30 days of the date the order was docketed, I would conclude we have jurisdiction. *Jara v. Rexworks, Inc.*, 718 A.2d 788, 791 (Pa.Super.1998), *appeal denied*, 558 Pa. 620, 737 A.2d 743 (1999).

¶ 9 The majority concludes that the court below did not have jurisdiction on October 12, 1999, to amend the August 27, 1999, order. However, I believe that when the court scheduled argument on appellant's reconsideration petition within 30 days of the August 27, 1999, order, it acted as a *de facto* grant of reconsideration which preserved the trial court's jurisdiction. Moreover, the court intended to preserve appellant's appeal rights. This was clearly expressed, albeit erroneously, at the conclusion of argument, when the court stated that "the order that I'm compelled to enter is one denying the motions for reconsideration which is what [appellant] needs to file an appeal."[7] Indeed, the Commonwealth does not dispute that appellant's right of appeal has been pre-

---

5. The amended order provides that appellant is guilty of violating Pennsylvania Game and Wildlife Code section 2307. The prior order erroneously provided that appellant was convicted of violating section 2711. The amended order, while not explicitly listing all six criminal informations, in my view, affects the adjudication as a whole. The amended order should be seen as embodying the entire outcome of appellant's consolidated trial, not a mere portion of it. Therefore, in appealing the amended order, appellant properly appeals his conviction of all six informations.

6. The majority cites *Valentine v. Wroten*, 397 Pa.Super. 526, 580 A.2d 757 (1990), for the proposition that an appeal may not be taken from an order denying reconsideration. However, appellant's brief makes it clear that he appeals from the order amending his conviction.

7. Even if this appeal were untimely, jurisdiction may attach on the basis of a breakdown in the machinery of the courts since the trial court mislead the parties as to appellant's right to appeal. *Commonwealth v. Anwyll*, 333 Pa.Super. 453, 482 A.2d 656 (1984).

served. Instead, the Commonwealth emphasizes the merits of appellant's case.

¶ 10 A trial court

upon notice to the parties may modify or rescind any order within thirty days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505. Our court, sitting *en banc,* stated that the trial court's

authority under 42 Pa.C.S.A. § 5505 to modify or rescind an order "is almost entirely discretionary; this power may be exercised sua sponte, or may be invoked by a request for reconsideration filed by the parties, and the court's decision to decline to exercise such power will not be reviewed on appeal."

Although 42 Pa.C.S.A. § 5505 gives the trial court broad discretion, the trial court may consider a motion for reconsideration only if the motion for reconsideration is filed within thirty days of the entry of the disputed order. After the expiration of thirty days, the trial court loses its broad discretion to modify, and the order can be opened or vacated only upon a showing of extrinsic fraud, lack of jurisdiction over the subject matter, a fatal defect apparent on the face of the record or some other evidence of "extraordinary cause justifying intervention by the court."

*Verholek v. Verholek,* 741 A.2d 792, 798 (Pa.Super.1999) *(en banc), appeal denied,*

563 Pa. 665, 759 A.2d 388 (2000) (quoting *Stockton v. Stockton,* 698 A.2d 1334, 1337 (Pa.Super.1997)).

¶ 12 The majority cites *Valley Forge Center,* 693 A.2d at 245, for the proposition that reconsideration must be "expressly" granted in order for a trial court to maintain jurisdiction after a final order.[8] *Valley Forge Center* cites Pa.R.A.P. 1701 as the basis of this requirement. *Valley Forge Center,* 693 A.2d at 245. Rule 1701 involves the retention of jurisdiction after an appeal is taken. It states that "[e]xcept as otherwise prescribed by these rules, after an appeal is taken ... the trial court or other government unit may no longer proceed further in the matter." Pa.R.A.P. 1701(a). Rule 1701 is only operative once an appeal is filed. *Jackson ex rel. Sanders,* 746 A.2d at 576. This court, sitting *en banc,* found that Rule 1701 did not apply to bar a modification order where no appeal was taken at the time. *Verholek,* 741 A.2d at 798 n. 7. When no appeal is filed, 42 Pa.C.S.A. § 5505 applies since it states that an order may be modified or rescinded "if no appeal from such order has been taken."[9]

¶ 12 In the instant case, no appeal was taken from the August 27, 1999, order. Therefore, I believe Rule 1701 should not divest the trial court of jurisdiction to vacate the order or to amend it after a hearing. As a result, I would find that appellant properly appealed the October 12, 1999, order, docketed October 25, 1999,

---

**8.** While not binding on this court, the Commonwealth Court has found that "[o]ur case law has not established that an effective grant of reconsideration requires a court to expressly state that the order under reconsideration has been 'vacated.'" *Barron v. City of Philadelphia,* 754 A.2d 738, 740 (Pa.Cmwlth.2000).

**9.** While not binding on this court, I would find persuasive the Commonwealth Court's stated distinction between Rule 1701 and Section 5505:

Rule 1701 addresses the effect upon a trial court or a governmental agency when a party files an appeal or petition for review from an order. In general, once an appeal

is taken, the trial court is prohibited from proceeding further in the matter....

In the present case, however, no appeal was ever taken from the trial court's March 21, 1991 order refusing to strike the 1984 notation that the case was settled. Therefore, Rule 1701 does not, strictly speaking, apply. The order "granting reconsideration" must therefore be reviewed pursuant to the provisions of Section 5505 of the Judicial Code, 42 Pa.C.S. § 5505. That section provides, generally, that "a court upon notice to the parties may modify or rescind any order within thirty days after its entry ... if no appeal from such order has been taken or allowed."

*Barron,* 754 A.2d at 740 (citations omitted).

which amended the prior order to reflect a conviction under a different section of the code. Therefore, I respectfully dissent.

¶ 13 Since I do not believe this appeal should be quashed, I would reach the merits of appellant's argument. His first claim is that the Commonwealth failed to prove beyond a reasonable doubt that the notice of suspension was mailed to his last known address. In reviewing

whether the Commonwealth has met its burden of proof, the test to be applied is: [w]hether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to find every element of the crime beyond a reasonable doubt. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire trial record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Askins,* 761 A.2d 601, 603 (2000) (quoting *Commonwealth v. Valette,* 531 Pa. 384, 613 A.2d 548, 549 (1992)).

¶ 14 The court below found appellant guilty of unlawful taking or possession of game or wildlife, 34 Pa.C.S.A. § 2307(a), and unlawful application for or receipt of licenses, 34 Pa.C.S.A. § 2711(a)(10). These sections do not contain an explicit *mens rea* or a requirement that one charged with these crimes have notice that their privilege is suspended. However, the court below properly applied 34 Pa. C.S.A. § 2743, dealing with notice of revocation, to its analysis of whether appellant violated sections 2307(a) and 2711(a)(10). Section 2743 states:

To revoke a license then in force or to deny any person the privilege to secure a license or to hunt or take game or wildlife anywhere in this Commonwealth for any period, the commission shall send a written notice to that effect to the person at the last known address by United States Postal Service with provisions for return of a signed receipt or a receipt of nondelivery. The return of an undeliverable notice shall be proof of service and shall not be used as a defense against the denial or revocation of the privilege to secure a license.

The court below construed this section to provide that a letter of hunting privilege suspension returned to the Game Commission as undeliverable constituted proper notice. However, it was not seriously disputed at trial that the Game Commission failed to accurately affix appellant's address to the notice of suspension. Since the wrong address was used, I would conclude that the Commonwealth failed to prove that notice was sent to "the last known address." The law cannot assume notice was properly delivered, when, as here, the evidence is clear that the notice-letter was misaddressed and testimony was presented that it, in fact, never arrived at the proper address. In failing to prove that notice was sent to the last known address, the Commonwealth has failed to prove that the Game Commission met the requirements of section 2743. Therefore, I believe appellant's convictions under sections 2307(a) and 2711(a)(10) should be reversed.

¶ 15 While I would reach the merits and decide this case on simple evidentiary grounds; i.e., that the Commonwealth failed to prove it met the requirements of the notice statute beyond a reasonable doubt, I believe this case also involves significant procedural due process issues.[10]

10. The opinion of the court below recognized that

significant due process problems currently exist through the Pennsylvania Game Code,

and ... that hunters/applicants can be caught in a situation where they have not received actual notice, and therefore are perhaps subject to unfair prosecution.

In my view, the law should not deem a person to have received either actual or constructive notice that their hunting privilege is revoked under section 2743 when notice is returned undelivered. Notice is necessary to afford the person whose rights are being deprived the opportunity to appeal their suspension. 2 Pa.C.S.A. § 504 requires that those in appellant's situation be afforded notice and an adjudication. Because the last sentence of section 2743, as written, clearly allows a finding that notice has been given when, in fact, it has not, I question whether that portion of section 2743 is constitutional. Nevertheless, I would decline to rely on the apparent constitutional deficiency or to reach appellant's second issue since the instant matter can be appropriately disposed of on the basis of evidentiary insufficiency.

¶ 16 For the reasons listed above, I would find there to be jurisdiction and would reverse on the merits.