J.A22017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :    IN THE SUPERIOR COURT OF
                                   :          PENNSYLVANIA
               Appellee     :
                                   :
           v.                      :
                                   :
SAMUEL STEINBERG,                :
                                   :
            Appellant    :    No. 148 MDA 2014

Appeal from the Judgment of Sentence Entered December 11, 2013
In the Court of Common Pleas of Lancaster County,
Criminal Division, at No. CP-36-SA-0000249-2013.

BEFORE: PANELLA, SHOGAN and FITZGERALD,[*] JJ.

DISSENTING STATEMENT BY FITZGERALD, J.: **FILED NOVEMBER 24, 2014**

I respectfully dissent from the order quashing this appeal because, in my view, a breakdown in the trial court occurred when apprising Appellant of his appeal rights.

Instantly, the trial court filed a written sentencing order, but that order did not advise Appellant of his appeal rights as required by Pa.R.Crim.P. 462(G)(4). Summary Appeal Court Sheet, 12/11/13. The only reference to appeal rights occurred at the conclusion of the trial *de novo*, when the trial court requested that the Commonwealth advise Appellant of his rights. ***See*** Pa.R.Crim.P. 462(G)(2); N.T., 12/11/13, at 28. However, before the

---

[*] Former Justice specially assigned to Superior Court.

Commonwealth responded, the following exchange occurred between Appellant's counsel and the court:

> [Appellant's Counsel]: Judge, I can colloquy him as to his rights: 10 days to reconsider; 30 days to the Superior Court. I'll do that in detail.
>
> The Court: Very well. Thank you.

*Id.*

As the majority noted, there is no right to file post-sentence motions following a trial *de novo*. Pa.R.Crim.P. 720(D); **see also** Pa.R.Crim.P. 462(G)(2) (requiring only that defendant be advised of right to appeal to Superior Court within thirty days of imposition of sentence). Moreover, the mere filing of a motion to reconsider does not toll the time for taking an appeal. **See Commonwealth v. Moir**, 766 A.2d 1253, 1254 (Pa. Super. 2000). The trial court did not correct counsel's apparent misapprehension of Appellant's post-sentence and appeal rights.

In light of the foregoing, I would find that Appellant received inadequate notice of his appeal rights, which amounted to a breakdown in the operation of the courts. **See Commonwealth v. Patterson**, 940 A.2d 493, 498-99 (Pa. Super. 2007). Accordingly, I would not quash this appeal and would address the claim raised by Appellant.