J-S51026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRADLEY S. SAAM | |
| Appellant | No. 329 MDA 2014 |

Appeal from the Judgment of Sentence January 28, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0002337-2012

BEFORE:  BOWES, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED MARCH 10, 2015**

Bradley S. Saam appeals the judgment of sentence imposed January 28, 2014, in the Lackawanna County Court of Common Pleas, following his guilty plea to charges of driving under the influence of controlled substances (DUI) and possession of drug paraphernalia.[1]  The trial court imposed an aggregate sentence of 16 to 48 months' imprisonment, followed by two years' probation, after it had vacated Saam's original sentence imposed on March 26, 2013.  On appeal, Saam contends (1) the trial court had no jurisdiction to revoke his original sentence and resentence him to a longer period of incarceration, and (2) the second sentence imposed by the trial court was harsh and unreasonable.  For the reasons set forth below, we are

_____

[1] 75 Pa.C.S. § 3802(d)(2) and 35 P.S. § 780-113(a)(32), respectively.

compelled to vacate the sentence imposed on January 28, 2014, and remand the case to the trial court for reinstatement of Saam's original sentence.

The relevant facts and procedural history underlying this appeal are as follows. On November 30, 2012, Saam entered a guilty plea to one count each of DUI and possession of drug paraphernalia, following his arrest during a lawful traffic stop on August 27, 2012. The court permitted Saam to remain free on bail pending his sentencing, but directed that he undergo drug testing by the Lackawanna County Adult Probation Department. Saam tested positive for marijuana, suboxone and benzodiazipines. Thereafter, on December 3, 2012, the court revoked Saam's bail and ordered him to county prison until his sentencing hearing.

Because Saam was found to meet the criteria for inpatient care by the Lackawanna Office of Drug and Alcohol in late January of 2013, he was furloughed to Pyramid Health Care for inpatient treatment, where he remained for 42 days, until he was discharged for a violation. On March 26, 2013, Saam appeared at his sentencing hearing. The trial court sentenced Saam to a standard range term of 14 to 36 months' imprisonment for the charge of DUI, and one year of consecutive probation for the charge of possession of paraphernalia. At the conclusion of the hearing, Saam's

counsel asked the trial court, "Your Honor, if he is eligible for state IP[2] would the Court be willing to consider that?" to which the court replied, "Absolutely." N.T., 3/26/2013, at 6.

That same day, Saam filed a motion for reconsideration of his sentence, asking the court to consider him eligible for the state IP program. **See** Petition for Reconsideration of Sentence, 3/26/2013. The trial court denied the motion on April 3, 2013. However, on April 5, 2013, the trial court entered an order committing Saam "to the Department of Corrections for an evaluation to be used by the Court to determine whether the defendant shall be sentenced to State Intermediate Punishment." **See** Order, 4/5/2013.[3]

_____

[2] **See** 61 Pa.C.S. §§ 4101-4108 (State Intermediate Punishment).

[3] In its opinion, the trial court explains that it mistakenly denied Saam's motion for reconsideration by "incorrectly mark[ing] the underscore [on the standard order utilized by Saam's counsel] corresponding to the denial of [Saam's] Motion." Trial Court Opinion, 2/10/2015, at 5 n.1. Further, the trial court indicates its April 5th order authorizing Saam's evaluation for the state IP program was entered in response to a motion by the Commonwealth seeking Saam's placement in the program. **Id.** at 5. However, the court provides no explanation why, when the court's order was entered **April 5, 2013**, the Commonwealth's motion was not filed until **April 8, 2013**. Moreover, the Commonwealth's motion reads as if it was intended to be presented to the court **before** Saam's sentencing hearing. **See** Commonwealth Motion for Placement in the State Intermediate Punishment Program, 4/8/13, at ¶ 3 ("The defendant is set to be sentenced in the near future.").

On April 15, 2013, Saam filed a notice of appeal from the March 26, 2013, judgment of sentence. Nevertheless, on May 1, 2013, more than 30 days after sentence was imposed and 16 days after the notice of appeal was filed, the trial court entered the following order:

> AND NOW, this 1st day of May 2013, it is hereby ORDERED and DECREED that [Saam's] previously imposed sentence is VACATED.
>
> It is FURTHER ORDERED that [Saam] shall be evaluated for the State Intermediate Punishment (SIP) Program. All previous conditions shall remain in place.

Order, 5/1/2013. Subsequently, Saam filed an application in this Court to withdraw his appeal, which was granted on June 10, 2013.

On June 20, 2013, the Department of Corrections deemed Saam ineligible for state IP because he refused to participate in the IP program. After providing Saam with additional opportunities to participate in the program or withdraw his guilty plea, the trial court convened a resentencing hearing on January 28, 2014. Based, in part, upon Saam's "unwillingness to obtain treatment,"[4] the trial court resentenced Saam to a term of 14 to 36 months' imprisonment followed by two years' probation for his DUI conviction, and a consecutive term of two to 12 months' imprisonment for

---

[4] Trial Court Opinion, 2/10/2015, at 7.

the possession of paraphernalia offense, for an aggregate prison term of 16 to 48 months' imprisonment.  This timely appeal followed.[5]

In his first issue, Saam contends the trial court had no authority to vacate his March 26, 2013, judgment of sentence, and resentence him to a longer term of imprisonment.  We agree.

Pursuant to 42 Pa.C.S. § 5505, a trial court possesses the inherent authority to modify or rescind any order within 30 days of its entry, if no appeal has been taken.  "Generally, once the thirty-day period is over, the trial court loses the power to alter its orders." ***Commonwealth v. Melvin***, 103 A.3d 1, 57 (Pa. Super. 2014) (citation omitted).  Likewise, Pennsylvania Rule of Appellate Procedure 1701 provides that a trial court lacks the authority to proceed further in any matter after an appeal is taken.  Pa.R.A.P. 1701(a).  Accordingly, "[o]nce [the] 30–day period has expired or once a defendant files a notice of appeal, … the trial court is without jurisdiction to alter or modify its order." ***Commonwealth v. Martz***, 926 A.2d 514, 525 (Pa. Super. 2007) (citation omitted).  The only exception to this rule is when a party applies for, and the trial court **expressly grants**, reconsideration of an order within the 30-day period.  ***See*** Pa.R.A.P. 1701(b)(3).  "Failure to 'expressly' grant reconsideration within the time set

---

[5] On February 3, 2014, the trial court ordered Saam to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After receiving an extension of time, Saam complied with the court's directive, and filed a concise statement on March 11, 2014.

by the rules for filing an appeal will cause the trial court to lose its power to act on the application for reconsideration." ***Commonwealth v. Moir***, 766 A.2d 1253, 1254 (Pa. Super. 2000) (citation omitted).

Turning to the present matter, Saam's judgment of sentence was imposed on March 26, 2013. Therefore, the trial court had 30 days from that date, or until April 25, 2013, to modify or vacate the sentence. ***See*** 42 Pa.C.S. § 5505. However, on April 15, 2013, Saam filed a notice of appeal, thereby divesting the trial court of jurisdiction in this matter. ***See*** Pa.R.A.P. 1701(a). Thereafter, the trial court had no authority to alter Saam's sentence, absent (1) the filing of a motion for reconsideration, by either Saam or the Commonwealth, and (2) the entry of an order **expressly granting** reconsideration of Saam's sentence within the initial 30-day period, *i.e.*, before April 25, 2013. ***See*** Pa.R.A.P. 1701(b)(3).

Here, neither of those exceptions applies as the trial court **denied** Saam's motion for reconsideration, and never expressly granted reconsideration of the sentence before the 30-day period expired. Although, with respect to the relevant period, the court entered an order directing that Saam be evaluated to determine his eligibility for the state IP program, that order (1) was **not** entered following a motion for reconsideration by the Commonwealth, and (2) did **not** expressly grant reconsideration of the March 26, 2013, sentencing order. Therefore, we conclude the trial court

had no jurisdiction to vacate Saam's sentence on May 1, 2013, and the sentence imposed on January 28, 2014, is a nullity.[6]

Accordingly, we vacate the judgment of sentence imposed on January 28, 2014, and remand this case to the trial court for reinstatement of the March 26, 2013, judgment of sentence. Because our resolution of Saam's first issue is dispositive, we need not address his second claim on appeal challenging the discretionary aspects of his January 28, 2014, sentence.

---

[6] We note the trial court explained in its opinion that it had inadvertently denied Saam's motion for reconsideration and had intended, all along, to designate Saam eligible for state IP. *See* Trial Court Opinion, 2/10/2015, at 15. Regardless of the trial court's admirable intentions, absent an order expressly granting reconsideration of the judgment of sentence within 30 days of its entry, the court was without jurisdiction to vacate the original sentencing order.

Moreover, while a referral to state IP is usually made prior to sentencing, a trial court has the authority to resentence a defendant to state IP, within 365 days of the date the defendant enters prison, under certain limited circumstances. *See* 61 Pa.C.S. § 4104(e) (court may resentence defendant to state IP when (1) the Department of Corrections has recommended the defendant be placed in a drug treatment program, (2) the Commonwealth agrees to the placement and modification of sentence, and (3) the court determines that the defendant meets the prerequisites for commitment set forth in subsection (d)). *Id.* Therefore, in the present case, the court could have approved a state IP sentence for Saam, without vacating his original sentence. It was, however, without jurisdiction, at that stage in the proceedings, to resentence Saam to a longer period of incarceration.

Judgment of sentence vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2015