J. S69028/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| THOMAS HOLLIDAY, | : | No. 324 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, January 14, 2015,
in the Court of Common Pleas of Bucks County
Criminal Division at No. CP-09-CR-0006660-2013

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND OLSON, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 08, 2016**

Thomas Holliday appeals from the judgment of sentence entered January 14, 2015, by the Court of Common Pleas of Bucks County, following his conviction in a bench trial of 233 counts of various sexual offenses against a minor, offenses against the family, and invasion of privacy. Appellant was also classified as a sexually violent predator.  As we conclude that we are without jurisdiction, we quash the appeal.

Appellant raises three issues for our review:

> I.     Whether the verdict concluding that the [c]omplainant was under 16 years of age was against the weight of the evidence since the physical evidence including the video tape [sic] documentation and the [c]omplainant's own written statement demonstrated that the [c]omplainant was over 16 years of age before any sex act occurred.

II.     Whether the [t]rial [c]ourt erred in viewing a highly prejudicial statement handwritten by the [c]omplainant stating that the [a]ppellant raped her sister and using that as a factor at sentencing.   Said statement was to be redacted before trial, but the prosecutor redacted it in front of the trial judge, with a piece of tape, after the damage was already done.   The witness was not cautioned before trial not to mention it.

III.    Whether the [t]rial [c]ourt erred at sentencing when it disregarded the sentencing guidelines giving [a]ppellant a consecutive and maximum sentence on many of the charges well beyond any aggravated sentencing guideline range.

Appellant's brief at 4.

We address the Commonwealth's contention that we must quash this appeal for lack of jurisdiction.  The question of timeliness of an appeal is jurisdictional.  *Commonwealth v. Moir*, 766 A.2d 1253, 1254 (Pa.Super. 2000) (citation omitted).

A defendant convicted of a crime has ten days from the imposition of sentence to file a timely motion to modify.  Pa.R.Crim.P. 720(A)(1). Generally, however, a trial court may modify or rescind any order within 30 days of its entry, provided that no appeal has been taken.  42 Pa.C.S.A. § 5505.  Once the 30-day period has expired or once a defendant files a notice of appeal, the trial court lacks jurisdiction to modify or alter its order. *Commonwealth v. Martz*, 926 A.2d 514, 525 (Pa.Super. 2007) (citation omitted).  The only exception is when a party applies for and the trial court expressly grants reconsideration of an order within the 30-day period.

Pa.R.A.P. 1701(b)(3); *Moir*, 766 A.2d at 1254. The trial court's failure to expressly grant reconsideration within the time set by the rules for filing an appeal will cause the trial court to lose its power to act on an application for reconsideration. *Moir*, 766 A.2d at 1254 (citation omitted).

Here, the trial court imposed judgment of sentence on May 13, 2014. Although appellant failed to file timely post-sentence motions, he did file a timely notice of appeal of judgment of sentence to this court on June 12, 2014, the 30th day following his judgment of sentence. Appellant's filing of his notice of appeal, therefore, divested the trial court of jurisdiction. Simultaneous with the filing of his notice of appeal, however, appellant filed what would have been an untimely motion to vacate and reconsider sentence with the trial court on June 12, 2014.

On June 24, 2014, which was 12 days after appellant filed his notice of appeal to this court, the trial court entered an order granting appellant's motion for reconsideration. The trial court lacked jurisdiction to do so because, again, appellant's filing of his notice of appeal divested it of jurisdiction. Moreover, even assuming that appellant had not filed his notice of appeal to this court on June 12, 2014, the trial court's grant of reconsideration would nevertheless have been untimely because it failed to expressly grant the motion within 30 days of entry of judgment of sentence. Therefore, the trial court would have still lost its power to act on appellant's motion for reconsideration.

Then, on June 25, 2014, appellant filed a notice of withdraw of appeal to this court with the trial court. On July 10, 2014, the deputy prothonotary of this court entered an order that discontinued appellant's direct appeal.

Thereafter, on January 10, 2015, the trial court "resentenced" appellant and entered a modification order. During that proceeding, the trial court stated:

> The only question today remaining is what I do with the sentence. The original sentence I imposed was, I will admit, done in a moment when I was angry at [appellant], angry at having read his statement in the pre-sentence investigation, and that anger should not have entered into my decision-making. That is why I granted this reconsideration, along with the effort to alleviate some of the harm by providing for the sale of the house, and now through the sale of that house also to provide in a smaller way for [appellant's] daughter.

Forfeiture/reconsideration of sentence, 1/14/15 at 20-21.

On January 26, 2015, appellant filed the instant notice of appeal.

Our supreme court has held that where a sentencing order contains a patent mistake, a fact apparent from a review of the docket without resort to third-party information, a trial court's ability to correct the error absent jurisdiction under 42 Pa.C.S.A. § 5505 or the Post-Conviction Relief Act, 42 Pa.C.S.A. § 9541 *et seq.*, lies within "the inherent powers of the courts to correct patent errors." *Commonwealth v. Holmes*, 933 A.2d 57, 66 (Pa. 2007) (*en banc*). The *Holmes* court, however, cautioned:

> This exception to the general rule of Section 5505 cannot expand to swallow the rule. In applying the

exception to the cases at bar, we note that it is the obviousness of the illegality, rather than the illegality itself, that triggers the court's inherent power. Not all illegal sentences will be amenable to correction as patent errors. **Moreover, the inherent power to correct errors does not extend to reconsideration of a court's exercise of sentencing discretion. A court may not vacate a sentencing order merely because it later considers a sentence too harsh or too lenient**. The cases at bar are not cases where a court reconsidered the application of its sentencing discretion or its interpretation of a nuanced or ambiguous statutory provision. These cases involve clear errors in the imposition of sentences that were incompatible with the record, as in **Whitfield**, or black letter law, as in **Holmes**. As we have in the past, we emphasize that this is a limited judicial power.

*Id.* at 67 (emphasis added).

Here, the record demonstrates that the trial court, after reflection, granted reconsideration of the judgment of sentence imposed on appellant on May 13, 2014 because it viewed that sentence as too harsh. (Forfeiture/reconsideration of sentence, 1/14/15 at 20-21.) Because the reconsideration resulted from the court's exercise of its sentencing discretion, its inherent power to correct errors did not extend to that reconsideration and, therefore, the trial court lacked jurisdiction to grant reconsideration and to resentence appellant.

Appellant's conviction and judgment of sentence became final on June 12, 2014. Although appellant filed a timely notice of appeal to this court, he later withdrew the appeal, and the appeal was discontinued on

July 10, 2014. We are, therefore constrained to quash this appeal for lack of jurisdiction.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2016