J-S32020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHRISTIE ROSARIO | |
| Appellant | No. 2985 EDA 2016 |

Appeal from the Judgment of Sentence Entered August 25, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No: CP-45-SA-0000096-2016

BEFORE: GANTMAN, P.J., STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.: **FILED JULY 18, 2017**

Appellant Christine Rosario *pro se* appeals from the August 25, 2016 judgment of sentence entered in the Court of Common Pleas of Monroe County ("trial court"), following her summary conviction for violating Section 13-1333(a)(1) of the Public School Code ("Code"), 24 P.S. § 13-1333(a)(1), governing compulsory school attendance. Upon review, we dismiss the instant appeal.

The facts and procedural history of this case are undisputed. Briefly, on June 3, 2015, Appellant was charged under Section 13-1333(a)(1) of the Code as a result of her daughter's nine unexcused absences from elementary school during the 2014-2015 school year. Section 13-

_____

[*] Former Justice specially assigned to the Superior Court.

1333(a)(1) provides in pertinent part that "[e]very parent . . . having control or charge of any child or children of compulsory school age, who shall fail to comply with the provisions of this act . . . shall on summary conviction thereof, be sentenced to pay a fine . . . not exceeding $300."[1]  24 P.S. § 13-1333(a)(1).  On May 9, 2016, a magisterial district judge ("MDJ") found Appellant guilty under Section 13-1333(a)(1).  On June 21, 2016, more than 30 days after her conviction, Appellant filed a summary appeal to the trial court.  Following a *de novo* hearing, the trial court found Appellant guilty of violating Section 13-1333(a)(1) and sentenced her to a fine of $300. Appellant appealed to this Court.

Upon our review of the record, we dismiss the instant appeal for want of jurisdiction.  Under Pennsylvania Rule of Criminal Procedure 460, Appellant was required to file her summary appeal in the trial court "within 30 days after the entry of . . . conviction."  Pa.R.Crim.P. 460.  The question of timeliness of an appeal is jurisdictional.  ***Commonwealth v. Moir***, 766 A.2d 1253, 1254 (Pa. Super. 2000).  Here, Appellant appealed her May 9, 2016 conviction on June 21, 2016, more than 30 days after her conviction before the MDJ.  Moreover, our review of the *de novo* hearing transcript reveals that Appellant failed to explain why she filed the notice of appeal

_____

[1] The General Assembly has amended the Code, including Section 13-1333, effective November 3, 2016.  As this case arose in June 2015, the amendments do not apply.

more than 30 days after her May 9, 2016 conviction. Additionally, the trial court docket is bereft of any indication that Appellant attempted to request any *nunc pro tunc* relief to cure the untimeliness of her summary appeal. Thus, the trial court was without jurisdiction to entertain Appellant's summary appeal. Because the trial court lacked jurisdiction, we dismiss the instant appeal.[2]

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2017

---

[2] Even if we could have addressed Appellant's claims on appeal, we would have rejected them because she challenges only the trial court's weight of the evidence and credibility determinations. It is well-settled that this Court may not re-weigh the evidence or substitute its judgment for that of the trial court sitting as the fact-finder. **See Commonwealth v. Queen**, 639 A.2d 443, 445 (Pa. 1994) (noting that an appellate court may "not substitute [its] credibility determinations for that of the suppression court.").