J-A03020-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
               :          PENNSYLVANIA
               :
         v.          :
               :
               :
LARRY LEE REDMOND       :
               :
       Appellant   :   No. 765 WDA 2018

Appeal from the Order April 4, 2018
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0003618-2016

BEFORE: BOWES, J., SHOGAN, J., and STRASSBURGER*, J.

JUDGMENT ORDER BY SHOGAN, J.:         FILED APRIL 15, 2019

Appellant, Larry Lee Redmond, purports to appeal from the trial court's pretrial order entered April 19, 2018, denying his motion for reconsideration. Notice of Appeal, 5/21/18, at 1. For reasons that follow, we quash the appeal.

Appellant was charged on September 8, 2016 with: one count of involuntary deviate sexual intercourse-person less than sixteen; two counts of aggravated indecent assault-complainant less than sixteen; one count of endangering welfare of children; one count of corruption of minors; and one count of indecent assault-person less than sixteen.[1] The complainant was thirteen years old during the commission of these offenses, and the dates of the offenses charged on the original criminal information ranged from

_____

[1] 18 Pa.C.S. §§ 3123(a)(7), 3125(a)(8), 4304(a)(1), 6301(a)(1), and 3126(a)(8), respectively.

_____

* Retired Senior Judge assigned to the Superior Court.

September of 2015, through February of 2016. On March 9, 2018, the Commonwealth sought and was granted leave to amend the criminal information to reflect dates of charges from February of 2015, through Spring of 2015. All other averments and charges in the information remained the same. The amended criminal information was filed on March 15, 2018.

Also on March 15, 2018, Appellant filed a petition to remand for a preliminary hearing, complaining that he had not been afforded one regarding the newly amended dates of alleged criminal activity. The trial court denied the petition on the same date. On March 22, 2018, Appellant filed a petition for writ of habeas corpus. The Commonwealth filed a response, and on April 4, 2018, the trial court denied the petition for writ of habeas corpus. On April 19, 2018, Appellant filed a motion to reconsider the April 4, 2018 order denying his petition for habeas corpus. This motion was denied the same day.

Appellant filed a notice of appeal on May 21, 2018. In it, Appellant stated that he is appealing "from the Order of Court dated 19th of April 2018 denying [Appellant's] Motion to Reconsider." No Pa.R.A.P. 1925(b) statement was ordered. The trial court filed a "decree pursuant to [Pa.R.A.P.] 1925(a)" and in it stated: "this Decree is made in accordance with [Pa.R.A.P.] 1925(a) and states that the reasons for the decision appear in the Pre-trial conference transcript dated March 12, 2018." Decree, 7/25/18, at 1.

"The question of timeliness of an appeal is jurisdictional." Commonwealth v. Moir, 766 A.2d 1253, 1254 (Pa. Super. 2000). Time

- 2 -

limitations on appeal periods are strictly construed and cannot be extended as a matter of grace. Commonwealth v. Perez, 799 A.2d 848, 851 (Pa. Super. 2002).

In order to preserve the right to appeal a final order of the trial court, a notice of appeal must be filed within thirty days after the date of entry of that order. Pa.R.A.P. 903(a). Although the entry of a final order triggers the thirty-day appeal period, this period may be tolled if the trial court expressly grants a motion for reconsideration within the thirty-day period. Pa.R.A.P. 1701(b)(3). The mere filing of a motion for reconsideration is insufficient to toll the appeal period. Moir, 766 A.2d at 1254. Rule 1701 is very clear: the thirty-day appeal period is tolled only by a timely order "expressly granting" reconsideration. Pa.R.A.P. 1701(b)(3), note (emphasis added).

Herein, the final, appealable order was the April 4, 2018 order denying Appellant's petition for writ of habeas corpus. Appellant's petition for reconsideration filed and denied on April 19, 2018, did not toll the appeal period. Pa.R.A.P. 1701(b)(3). Thus, Appellant's May 21, 2018 notice of appeal was filed after the thirty-day appeal period. Because Appellant's appeal was untimely filed, we are without jurisdiction to entertain it. Moir, 766 A.2d at 1254. Thus, we quash this appeal as untimely.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/15/2019