J-S33025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KEYON SCOTT | : | No. 3294 EDA 2024 |

Appeal from the Order Entered November 4, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007099-2023

BEFORE: BOWES, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.: **FILED DECEMBER 3, 2025**

The Commonwealth appeals from the trial court's order granting the motion filed by Appellee Keyon Scott to dismiss the charges against him pursuant to Pennsylvania Rule of Criminal Procedure 600. We vacate the order and remand for further proceedings.

The trial court summarized the factual history of this appeal as follows:

Appellee was arrested on August 16, 2023, in connection with a criminal complaint filed on August 9, 2023, for an alleged robbery of a vehicle. Appellee was charged with Robbery-Inflict Serious Bodily Injury, Robbery of Motor Vehicle, Conspiracy, Theft by Unlawful Taking - Movable Property, Receiving Stolen Property, Possession of an Instrument of Crime, Terroristic Threats, Simple Assault, and Recklessly Endangering Another Person. Appellee's preliminary hearing was to take place on September 5, 2023. However, the Commonwealth requested a continuance because a witness failed to appear, and a police officer was not subpoenaed. The preliminary hearing took place on October 10, 2023, all charges were held for court.

Appellee's preliminary arraignment occurred on October 24, 2023. A scheduling conference was initially set for November 16, 2023,

but it was rescheduled for November 17, 2023. During the conference, Appellee's counsel requested a continuance in order to present an offer. A date was scheduled for status of the offer.

On February 22, 2024, the status hearing was continued to April 11, 2024.[1] On that date, Appellee rejected the offer and requested that the case be set for trial. The docket [entry for the April 11, 2024 status hearing] indicates that discovery was marked as complete.

On April 24, 2024, a scheduling conference was held, and a jury trial date was set. At that time, the Appellee's counsel indicated that discovery was incomplete. On October 31, 2024, at the trial readiness conference this court was made aware Appellee was to file a motion to dismiss under Pa.R.Crim.P. Rule 600 that day. The motion was heard by this court on November 4, 2024, the scheduled date for Appellee's jury trial. This court granted the motion and dismissed the case in accordance with Rule 600.

Trial Ct. Op., 2/3/25, at 2 (unpaginated) (footnotes omitted).

The Commonwealth filed a timely motion for reconsideration on November 7, 2024. The trial court did not act on the Commonwealth's motion for reconsideration. The Commonwealth subsequently filed a timely notice of appeal.[2] Both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.

_____

[1] In his Rule 600 motion, Appellee concedes that he requested a continuance on February 22, 2024 "for further investigation." Appellee's Rule 600 Mot., 10/31/24, at 3.

[2] Because the trial court did not expressly grant reconsideration within thirty days of the entry of its order granting Appellee's Rule 600 motion, the Commonwealth's motion for reconsideration does not affect our jurisdiction over this appeal. *See Commonwealth v. Moir*, 766 A.2d 1253, 1254 (Pa. Super. 2000); Pa.R.A.P. 1701(b)(3).

The Commonwealth raises a single issue for our review:

Did the lower court err in dismissing the charges pursuant to an alleged violation of Pa.R.Crim.P. 600, where it included time attributable to continuances granted at [Appellee's] request (which are expressly excluded from the calculation without considering the Commonwealth's diligence), and where the remaining includable time was less than 365 days?

Commonwealth's Brief at 4.[3]

The Commonwealth argues the trial court abused its discretion by dismissing the charges pursuant to Rule 600. *Id.* at 10-12. The Commonwealth contends that Appellee's Rule 600 motion was premature because 146 days of delay are attributable to Appellee. *Id.* at 10. Specifically, the Commonwealth claims that the period of delay between the November 17, 2023 and April 11, 2024 pre-trial conferences are attributable to Appellee because of Appellee's continuance requests. *Id.* at 11. Further, the Commonwealth argues that the trial court erred by analyzing whether the Commonwealth exercised due diligence during this period "because the delay at issue was **caused** by defense continuance requests." *Id.* at 12 (citation omitted and emphasis in original). The Commonwealth concludes that, at

_____

[3] We note the Commonwealth includes argument that, among other things, Appellee's allegations in the Rule 600 motion "undermined his motion" and the trial court's order dismissing the charges "was patent legal error." Commonwealth's Brief at 7-8. However, presenting argument in this manner violates the Rules of Appellate Procedure. *See* Pa.R.A.P. 2117(b) (stating that "[t]he statement of the case **shall not contain any argument**. It is the responsibility of appellant to present in the statement of the case a **balanced presentation of the history of the proceedings** and the respective contentions of the parties" (emphases added)).

most, 307 days of delay could be attributed to the Commonwealth, and that

the trial court erred by dismissing the charges pursuant to Rule 600.  *Id.*[4]

We review challenges to a trial court's ruling on a Rule 600 motion

bearing in mind that:

> Our standard of review in evaluating speedy trial issues is whether
> the trial court abused its discretion, and our scope of review is
> limited to the trial court's findings and the evidence on the record,
> viewed in the light most favorable to the prevailing party.  An
> abuse of discretion is not merely an error of judgment, but if in
> reaching a conclusion the law is overridden or misapplied, or the
> judgment exercised is manifestly unreasonable, or the result of
> partiality, prejudice, bias or ill-will . . . discretion is abused.
>
> *        *        *
>
> Rule 600 has the dual purpose of both protecting a defendant's
> constitutional speedy trial rights and protecting society's right to
> effective prosecution in criminal cases.  In determining whether
> an accused's right to a speedy trial has been violated,
> consideration must be given to society's right to effective
> prosecution of criminal cases, both to restrain those guilty of crime
> and to deter those contemplating it.

*Commonwealth v. Womack*, 315 A.3d 1229, 1237 (Pa. 2024) (citations

omitted and some formatting altered).

---

[4] We note that the Commonwealth's two exhibits from the Rule 600 hearing are not included as part of the certified record, but they are included in the reproduced record attached to Commonwealth's brief.  *See* R.R. at 32a-34a. Appellee did not object to the accuracy of these exhibits as they appear in the reproduced record.  Because "their veracity is not in dispute, we rely on the copy contained within the reproduced record."  *See C.L. v. M.P.*, 255 A.3d 514, 518 n.3 (Pa. Super. 2021) (*en banc*) (some formatting altered); *see also Commonwealth v. Brown*, 52 A.3d 1139, 1145 n.4 (Pa. 2012) (holding that an appellate court can consider a document that only appears in the reproduced record when "the accuracy of the reproduction has not been disputed" (citation omitted)).

Rule 600 provides, in relevant part, "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a).

This Court has recently explained:

In applying Rule 600, a court first calculates the "'mechanical run date,' which is 365 days after the complaint was filed[.]" [**Commonwealth v. Lear**, 325 A.3d 552, 560 (Pa. 2024)]. The court then accounts for and adds any excludable time to the mechanical run date "to produce the 'adjusted run date,' which is the deadline for the Commonwealth to bring the defendant to trial under Rule 600." **Id.**

Rule 600(C)(1) addresses excludable time as follows:

For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(C)(1).

Our Supreme Court recently explained that the first sentence of Rule 600(C)(1) provides "the general rule" and establishes "two requirements that must be met for delay to count toward the 365-day deadline: (1) the Commonwealth caused the delay and (2) the Commonwealth failed to exercise due diligence." **Lear**, 325 A.3d at 560 (citation and internal quotation marks omitted). The **Lear** Court clarified that "the causation analysis precedes the due diligence inquiry, and it is only when the Commonwealth both caused the delay and lacked due diligence that the delay is properly included in the Rule 600 calculation." **Id.** at 560 n.7. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth.

Addressing the second sentence of Rule 600(C)(1), the **Lear** Court explained that "'any other periods of delay' — meaning any

- 5 -

periods of delay not caused by the Commonwealth or not resulting from the Commonwealth's lack of due diligence — are 'excludable' and are removed from the computation of the Rule 600 deadline." ***Lear***, 325 A.3d at 560.

***Commonwealth v. Walker***, 331 A.3d 43, 46 (Pa. Super. 2025) (citation omitted and formatting altered), *appeal denied*, --- A.3d ---, 65 EAL 2025, 2025 WL 1981478 (Pa. filed July 17, 2025).

This Court has recently reiterated that "[e]xcludable time includes, but is not limited to, delays caused by . . . defense unavailability or continuance requests[.]" ***Commonwealth v. Robinson***, 339 A.3d 1030, 1035 (Pa. Super. 2025) (citations omitted); ***see also Walker***, 331 A.3d at 46-47 (stating that "any delay caused by the need to reschedule a trial because of a continuance attributable to the defense constitutes excludable time, even if the defendant was prepared to go to trial at an earlier date" (citation and quotation marks omitted)); ***Commonwealth v. Armstrong***, 74 A.3d 228, 237 (Pa. Super. 2013) (explaining that when a defendant requests a continuance to consider a plea offer, the resulting delay is attributable to the defendant).

In ***Walker***, this Court held that the trial court erred by attributing a sixty-nine-day period of delay resulting from the defendant's "request for a continuance for 'further investigation'" to the Commonwealth because the trial court concluded that the Commonwealth failed "to timely meet its discovery obligations." ***Walker***, 331 A.3d at 47-48 (citations omitted and some formatting altered). This Court explained that "***Lear*** makes clear that 'the

causation analysis precedes the due diligence inquiry.' This means that the trial court must first consider the cause of the delay before analyzing the Commonwealth's diligence in meeting discovery obligations over the life of the case." *Id.* at 48 (quoting *Lear*, 325 A.3d at 563 n.7). The *Walker* Court concluded that because the defendant's request for a continuance was the cause of the delay, that period of delay constituted "excludable time." *Id.*

Similarly, in *Robinson*, the trial court found that a 149-day period of delay "was included in the Rule 600 calculation (and [counted] against the Commonwealth) because the Commonwealth did not timely pass discovery of DNA lab reports and bench notes, resulting in a defense continuance." *Robinson*, 339 A.3d at 1036-37 (citation omitted). On appeal, this Court held that the trial court erred by attributing those 149 days of delay "resulting from a defense continuance" to the Commonwealth. *Robinson*, 339 A.3d at 1037. As in *Walker*, the *Robinson* Court further concluded that the trial court erred by analyzing the Commonwealth's due diligence without first considering the cause of the delay. *See id.*

Here, the trial court explained:

The mechanical run date for Appellee's case was August 8, 2024. The total time between the filing of the criminal complaint on August 9, 2023, and the jury trial listing on November 4, 2024, amounted to 453 days. At the motion hearing, Appellee contended that all 453 days were contributable to the Commonwealth, arguing that the Commonwealth had not been diligent in providing discovery.

During the motion hearing, Appellee argued that all time should be included in the Rule 600 calculations, asserting that the Commonwealth had failed to act diligently in providing discovery.

- 7 -

Specifically, Appellee pointed out that the Commonwealth had not provided a clear color photo array, an unredacted photo identification, Evidence Audit Trails for a body-worn camera, and had only repassed a prior corrupted surveillance video three days before the hearing. The photo array and photo identifications were heavily redacted, with all information except for Appellee's being covered by a solid black box. Although the victim did not identify Appellee in the photo array, the victim did identify another individual as the perpetrator of the alleged crimes. Based on this identification, Appellee argued that both the photo array and the unredacted photo identifications of those included in the array were essential to the defense.

The Commonwealth argued that it had acted diligently throughout the case, asserting that it provided discovery on November 6, 2023. The Commonwealth further stated that during the November 17, 2023, scheduling conference, it was its understanding that discovery was complete, following discussions with Appellee's prior counsel regarding an offer and mitigation. The Commonwealth claimed that it did not become aware of any discovery issues until April 24, 2024. Additionally, the Commonwealth argued that the time from October 10, 2023, to August 24, 2024, should be considered "either defense time, because they took a defense continuance in the SMART room, or court time . . . ." The Commonwealth also contended that the evidence it had not provided was not mandatory, noting that the victim did not identify Appellee in the photo array and that there was other evidence available for identification purposes.

This court asked the Commonwealth if it believed that it met its obligations to ensure that the photographs were passed. The Commonwealth replied stating that it did believe it fulfilled its obligations because the victim's identification was not what it was "hanging his hat on . . . ." This court found that the Commonwealth did not fulfill its obligations. The color photo array and unredacted photo identifications should have been provided as the victim identified someone in the photo array as the perpetrator who was not [Appellee]. Later, the victim identified [Appellee] as the perpetrator in court. Knowing the physical attributes of the individual that was identified by the victim could have provided doubt for any in court identification of [Appellee]. This court further explained:

> And so if [Appellee] knew what the photo array looked like, and let's just say for example, I mean, I'm here, I have two

eyes, I can see that [Appellee] is a dark skinned male, African-American male, and if [the victim] picked out a lighter, light complected African-American male, doesn't that cast doubt for any identification of [Appellee] if on one day [the victim] thinks that the person looks like, well, it's fairer skin, and on day two she thinks because the one sitting at the bar of court, he's darker skinned, doesn't that call in question her in-court identification?[fn18]

[fn18] [N.T., 11/4/24,] at 15[-16].

This court found that the Commonwealth was not duly diligent because,

the Commonwealth was aware of what it had passed, the Commonwealth itself must admit that not only is the document **completely illegible**, but in terms of evidentiary value, has **zero evidentiary** value as it relates to potentially identifying who either [Appellee] is or who the other individuals might have been at the time of the photo array. And so I cannot find that the Commonwealth was duly diligent . . . .[fn19]

[fn19] [N.T., 11/4/24,] at [24-]25.

The Commonwealth's assertion that it was unaware of any issues with discovery until April 24, 2024, is contradicted by the fact that it was fully aware that the document it passed, as the photo array was series of black boxes obstructing anything of evidentiary value. . . . It was the Commonwealth's duty to prove that it acted diligently throughout the life of the case, and the Commonwealth failed to meet this burden. Because the Commonwealth did not bring Appellee to trial by the mechanical run date of August 8, 2024, the court properly dismissed the matter.

Trial Ct. Op. at 5-7 (unpaginated) (some footnotes omitted and emphases in original).

Based on our review of the record, we are constrained to conclude that the trial court committed an error of law by granting Appellee's motion to dismiss pursuant to Rule 600. *See Womack*, 315 A.3d at 1237. As stated

above, Appellee requested continuances on November 17, 2023 and February 22, 2024. *See* Trial Ct. Op. at 2 (unpaginated); *see* Appellee's Rule 600 Mot., 10/31/24, at 3. Therefore, the trial court erred by attributing a period of 146 days from November 17, 2023 to April 11, 2024 to the Commonwealth because the delay resulted from defense continuances. *See Robinson*, 339 A.3d at 1035; *Walker*, 331 A.3d at 46-47; *Armstrong*, 74 A.3d at 237. The trial court further erred by analyzing whether the Commonwealth exercised due diligence before determining the causes of the delay. *See Lear*, 325 A.3d at 560 & n.7; *Robinson*, 339 A.3d at 1037; *Walker*, 331 A.3d at 47-48. Omitting these 146 days (and assuming *arguendo* that all other periods of delay count against the Commonwealth) results in an adjusted run date of January 2, 2025.[5] Accordingly, Appellee's motion to dismiss pursuant to Rule 600, filed on October 31, 2024, was premature and the trial court abused its discretion by granting that motion and dismissing the charges. For these reasons, we vacate the trial court's order dismissing the charges and remand for further proceedings.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

_____

[5] The adjusted run date is January 1, 2025. However, when the last day of the calculation period falls on a legal holiday, that "day shall be omitted from the computation." Pa.R.J.A. 107(b).

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/3/2025</u>