J. S67003/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                        :           PENNSYLVANIA
                              v.                        :
                                                        :
DALE MICHAEL WAKEFIELD,        :           No. 2904 EDA 2015
                                                        :
                        Appellant           :

Appeal from the Judgment of Sentence, June 5, 2014,
in the Court of Common Pleas of Bucks County
Criminal Division at Nos. CP-09-CR-0002725-2014,
CP-09-CR-0006123-2013

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J. AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED MARCH 21, 2017**

Dale Michael Wakefield appeals from the June 5, 2014 judgment of
sentence after he entered guilty pleas in two unrelated prosecutions. At
No. CP-09-CR-006123-2013, appellant pled guilty to one count of
first-degree murder and two counts of aggravated assault.[1] The sentencing
court imposed an aggregate sentence of life imprisonment without the
possibility of parole. At No. CP-09-CR-0002725-2014, appellant pled guilty
to two counts of aggravated assault and one count each of assault by
prisoner, simple assault, and harassment.[2] The sentencing court imposed an

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(a), 2702(a)(1), and 2702(a)(4), respectively.

[2] 18 Pa.C.S.A. §§ 2702(a)(1), 2702(a)(4), 2703(a), 2701(a), and
2709(a)(1), respectively.

aggregate sentence of 10½ to 30 years' imprisonment to run consecutive to the life sentence. After careful review, we affirm.

Appellant raises the following issue for our review:

> Did the lower court err by accepting [appellant's] guilty plea, which was unknowing and involuntarily tendered while he was under the influence of prescribed psychotropic medications?

Appellant's brief at 2.

At the outset, the Commonwealth suggests that we quash this appeal for lack of jurisdiction. The question of timeliness of an appeal is jurisdictional. **Commonwealth v. Moir**, 766 A.2d 1253, 1254 (Pa.Super. 2000) (citation omitted). A notice of appeal must be filed within 30 days of the entry of the order being appealed. **See id.**; **see also** Pa.R.A.P. 903(a). This court may not extend the time for filing a notice of appeal. **See** Pa.R.A.P. 105(b). Rule 720 of the Pennsylvania Rules of Criminal Procedure provides that a party may file post-sentence motions no later than 10 days after imposition of sentence. A timely motion tolls the appeal period; an untimely motion does not. **See Commonwealth v. Dreves**, 839 A.2d 1122 (Pa.Super. 2003) (**en banc**); **Commonwealth v. Felmlee**, 828 A.2d 1105 (Pa.Super. 2003) (**en banc**). "[W]here the defendant does not file a timely post-sentence motion, there is no basis to permit the filing of an appeal beyond 30 days after the imposition of sentence." **Commonwealth v. Green**, 862 A.2d 613, 618 (Pa.Super. 2004) (**en banc**).

The factual histories of the two incidents that gave rise to appellant's guilty pleas are not germane to this appeal. The procedural history following entry of those guilty pleas, however, is perplexing, at best.

The record reflects that appellant, while represented by the Bucks County Public Defender's Office, entered his guilty pleas, and the sentencing court imposed judgment of sentence on June 5, 2014. Nothing in the record indicates that the public defender's office moved to withdraw its representation of appellant following entry of appellant's guilty pleas. In fact, the public defender's office continued to represent appellant for approximately a year after appellant entered those guilty pleas.

Nevertheless, the public defender's office failed to file post-sentence motions on appellant's behalf. As such, appellant was required to file his notice of appeal on or before July 7, 2014.[3] The public defender's office did not file a notice of appeal on appellant's behalf.

The record, however, reflects that appellant filed a **pro se** notice of appeal.[4] (Docket #39.) Appellant dated his **pro se** notice of appeal July 1,

---

[3] We note that 10 days following imposition of sentence was Sunday, June 15, 2014, and that 30 days following imposition of sentence was Saturday, July 5, 2014. Therefore, the filing deadlines were extended to the next business day. **See** 1 Pa.C.S.A. § 1908 (providing that when a statutory filing deadline falls on a Saturday, Sunday, or holiday, the deadline will be extended to the next business day).

[4] A **pro se** notice of appeal from a final judgment filed by a represented appellant is sufficient to support a timely appeal. **See Commonwealth v. Cooper**, 27 A.3d 994, 1007 (Pa. 2011).

2014, but it is clearly date-stamped and was docketed on July 11, 2014. The record also reflects that when appellant filed this **pro se** notice of appeal, he filed a request to proceed **in forma pauperis** for purposes of appeal and for appointment of counsel. (Docket #38.) Additionally, appellant filed a **pro se** proof of service. Although appellant signed the proof of service and dated it July 1, 2014, he did not indicate the parties upon whom he served his **pro se** notice of appeal and "appointment of counsel on appeal." (**Id.**) For reasons unknown, the envelope that contained appellant's notice of appeal, as well as his request to proceed **in forma pauperis** and the proof of service, bears no postmark. In fact, nothing on the envelope indicates when the appeal was mailed. Under these circumstances, we give appellant the benefit of the doubt and treat his appeal as timely filed pursuant to the prisoner mailbox rule. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (extending prisoner mailbox rule to all appeals by **pro se** prisoners).

The procedural quagmire, however, does not end there. The record further reflects that when appellant filed his **pro se** notice of appeal, Bucks County directed the appeal to Commonwealth Court. The appeal was subsequently docketed in this court.

On July 17, 2014, the trial court granted appellant's **pro se** request to proceed **in forma pauperis** for purposes of direct appeal, but did not appoint counsel. (Docket #40.) Then, on July 29, 2014, appellant, through

counsel at the public defender's office, filed "***nunc pro tunc*** post-sentence motions," as well as a "petition to reinstate [appellant's] appellate rights ***nunc pro tunc***." (Docket #41 and #42.) On August 5, 2014, the Commonwealth filed a motion to deny appellant's post-sentence motions for lack of jurisdiction. Then, on August 19, 2014, appellant filed another ***pro se*** notice of appeal to this court in Bucks County with another request to proceed ***in forma pauperis***. (Docket #43.) Because appellant was represented by counsel, the record reflects that the Bucks County Clerk of Courts Office placed the notice in appellant's criminal case file and forwarded a copy of the request to proceed ***in forma pauperis*** to the public defender's office and the district attorney's office. (***Id.***)

Over the course of the next several months, the trial court held various hearings on appellant's request to file ***nunc pro tunc*** post-sentence motions and his petition to reinstate his appellate rights ***nunc pro tunc***, but it never entered an order granting or denying these counseled requests. During a hearing on March 27, 2015, appellant, through counsel, withdrew both of those motions in order to proceed on direct appeal. (Notes of testimony, 3/27/15 at 3-6; ***see also*** Bucks County Criminal Court Sheet, 3/27/15 Docket #58.)

On July 1, 2015, appellant, through newly appointed counsel, filed a third notice of appeal. The appeal was docketed in this court at No. 1905 EDA 2015 and dismissed on October 9, 2015, as duplicative to the current

appeal. On June 9, 2015, however, appellant filed a ***pro se*** PCRA[5] petition. The trial court appointed counsel, Elissa Heinrichs, to represent appellant on collateral appeal. For reasons unknown, appointed PCRA counsel then requested an extension of time to file a Pa.R.A.P. 1925(b) statement, which the trial court granted. Appointed PCRA counsel then filed a Rule 1925(b) statement on appellant's behalf.

On January 8, 2016, counsel filed an application for remand and an application to withdraw as counsel. We remanded for a ***Grazier***[6] hearing. Appellant then withdrew his request for a ***Grazier*** hearing, briefing was re-established, and the case is now ripe for our review.

In his only issue on appeal, appellant contends that his guilty pleas were unknowing and involuntary because he entered his pleas while under the influence of prescribed psychotropic medications. (Appellant's brief at 2.)

In considering the validity of a guilty plea colloquy, "[t]he Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea." ***Commonwealth v. Prendes***, 97 A.3d 337, 352 (Pa.Super. 2014) (citations omitted), ***appeal denied***, 105 A.3d 736 (Pa. 2014). Pursuant to

---

[5] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[6] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

Rule 590, the sentencing court should inquire whether the defendant understands, among other things, "the nature of the charges to which he or she is pleading guilty[,]" and "the permissible ranges of sentences and fines possible." Pa.R.Crim.P. 590, Comment. "[N]othing in the rule precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212-1213 (Pa.Super. 2008) (citation omitted), *appeal denied*, 964 A.2d 893 (Pa. 2009).

Thereafter,

> [t]he reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Prendes*, 97 A.3d at 352 (citations omitted). Accordingly, even if there is an omission in the oral plea colloquy, "a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa.Super. 2011) (citation omitted).

Here, the record reflects that appellant read, completed, and signed an extensive 16-page written guilty plea form, which is part of the certified record. (Notes of testimony, 6/5/14 at Exhibit "Court 2".) On that form, appellant affirmed, in writing, among other things, (i) that he understood the charges filed against him and the permissible range of sentences that could be imposed for those crimes; (ii) that he fully discussed his case with his attorney and is satisfied with his attorney's representation and advice; (iii) that his decision to plead guilty was his and his alone; (iv) that no one made any promises to him, threatened him, or did or said anything to him to induce his plea or put pressure on him to plead guilty; (v) that his guilty plea was given freely and voluntarily; (vi) that he admits that he is guilty of the crimes to which he is pleading guilty; and (vii) that he read the entire written colloquy, understood its full meaning, and still wanted to plead guilty. (*Id.*) The written plea colloquy further reveals:

> [Question 7:] To your knowledge are you presently suffering from any mental or emotional disabilities?
>
> [Appellant's written answer]: No.
>
> [Question 8:] Are you presently under treatment for any mental or emotional disabilities?
>
> [Appellant's written answer:] Yes.
>
> [Question 9:] If your answer to question seven or eight is yes, does your disability prevent you from understanding your rights or what you are doing by pleading guilty?
>
> [Appellant's written answer:] No.

*Id.*

The record further reflects that the sentencing court conducted an extensive oral colloquy, which, when transcribed, spans 78 pages. At the beginning of the colloquy, appellant acknowledged that he was entering his guilty pleas voluntarily and of his own free will. (Notes of testimony, 6/5/14 at 4.) Appellant further acknowledged that no one threatened or forced him into pleading guilty. (*Id.*) The transcript reflects that the sentencing court went through every page of the 16-page written guilty-plea colloquy with appellant, during which time, the following took place:

> THE COURT: [A]s of today[, h]ave you consumed any alcohol, drugs or prescription drugs within the last 24 hours?
>
> [APPELLANT]: Yes, Your Honor.
>
> THE COURT: What have you consumed?
>
> [APPELLANT]: I consumed my medication, Risperdal, and Alpraxolam [sic].
>
> THE COURT: Do those medications interfere with your ability to understand what I have said to you so far?
>
> [APPELLANT]: No, Your Honor.
>
> THE COURT: To your knowledge, are you presently suffering from any mental or emotional disabilities?
>
> [APPELLANT]: No.
>
> THE COURT: Are you presently under any treatment for mental or emotional disabilities?

[APPELLANT]: Yes.

THE COURT: And that's at the prison?

[APPELLANT]: Yes, Your Honor.

THE COURT: Counsel, you've had an evaluation done. Are you satisfied that he's able to participate in his defense and understand these proceedings?

[DEFENSE COUNSEL]: Yes, Your Honor. As to mental disabilities, the prison has diagnosed him. He's had a number of different diagnoses, but the most current one is post traumatic stress disorder, severe depression and traumatic brain injury, and that's what the prison is presently treating him for and what the medications are for.

THE COURT: Understanding that counsel, are you satisfied that your client has been able to participate in his defense and understands these proceedings?

[DEFENSE COUNSEL]: Absolutely, Your Honor.

*Id.* at 6-8.

The oral guilty-plea colloquy further demonstrates, among other things, that appellant acknowledged that he understood the permissible range of sentences and fines for the offenses charged; that appellant acknowledged that he understood that he had the right to trial by jury; that appellant acknowledged that he understood that he is presumed innocent until found guilty; that appellant acknowledged that the sentencing court was not bound by the terms of the plea agreement appellant entered into with the Commonwealth until the sentencing court accepted the agreement; and that appellant entered into the pleas freely, voluntarily, and without any

force, threats, pressure or intimidation. The record further reflects that appellant agreed with and admitted to the factual basis of his guilty pleas as set forth by the Commonwealth.

After thoroughly reviewing the record, we conclude that the totality of the circumstances surrounding appellant's entry of his guilty pleas discloses that appellant fully understood the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the pleas.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2017