J-S74019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH WALLACE | |
| Appellant | No. 1714 EDA 2018 |

Appeal from the PCRA Order Entered April 19, 2018
In the Court of Common Pleas of Chester County
Criminal Division at No.: CP-15-CR-0001266-2000

BEFORE:  LAZARUS, STABILE, and McLAUGHLIN, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 15, 2019**

Appellant Joseph Wallace *pro se* appeals from the April 19, 2018 order entered in the Court of Common Pleas of Chester County, dismissing as untimely his second petition for collateral relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  As recounted by a prior panel of this Court:

> On February 28, 2000, [Appellant] stabbed his wife Eileen as she slept in her bed.  Eileen [] died as a result of her wounds.  On December 6, 2000, [Appellant] entered a plea of guilty but mentally ill to the charges of third[-]degree murder, possessing an instrument of crime and tampering with physical evidence.  He was sentenced that day to a term of imprisonment of twenty-three and one-half to forty-seven years.  [Appellant] did not appeal his sentence.  On September 3, 2013, [Appellant] filed a *pro se* PCRA petition.  Because this was [Appellant's] first PCRA petition, [the PCRA court] appointed Robert Brendza, Esquire ["Attorney Brendza"] as [Appellant's] counsel.  [Attorney] Brendza reviewed [Appellant's] claims and court file, determined that [Appellant's]

> PCRA [petition] was not timely, and moved to withdraw his appearance as PCRA counsel. [The PCRA court] also reviewed the file and record, [and] also determined that [Appellant's] PCRA [petition] was untimely, and on June 18, 2014, [the PCRA court] gave [Appelant] notice of [the court's] intent to dismiss his petition without a hearing. [Appellant] responded to this notice with two *pro se* filings. On July 17, 2014, [the PCRA court] directed that [Attorney] Brendza review these submissions, and inform the [c]ourt of his findings. [Attorney] Brendza complied with this order, and after [the PCRA court's] review revealed that [Appellant] was entitled to no post-conviction relief, [the court] dismissed [Appellant's] PCRA petition on September 24, 2014 [and granted Attorney Brendza's Motion to withdraw].

*Commonwealth v. Wallace*, No. 2868 EDA 2014, unpublished memorandum, at 1-2 (Pa. Super. March 31, 2015) (citations omitted). On appeal, Appellant argued, *inter alia*, that his petition was timely because he satisfied the newly-discovered facts exception to the PCRA's time-bar. Specifically, Appellant argued that one of the defense psychologists, Dr. Gerald Cooke, who evaluated him was unaware of the prescription medications that Appellant was taking, including Ambien, Ritalin and Paxil, when he murdered Eileen. In support, Appellant presented the supplemental opinion of Dr. Cooke, concluding that the medications may have exacerbated Appellant's psychosis and may provide Appellant with a partial defense of involuntary intoxication. *Id.* at 4. Nonetheless, Dr. Cooke deferred to a psychopharmacologist to provide expert opinion on this issue. We concluded that "these are not 'newly-discovered facts,' but merely 'a newly willing source for previously known facts.'" *Id.* As a result, we held that Appellant's claim did "not invoke the timeliness exception at Section 9545(b)(1)(ii). Accordingly, on March 31, 2015, we affirmed the PCRA court's dismissal of Appellant's first petition. Appellant filed a petition for allowance of appeal,

which our Supreme Court denied on July 29, 2015. *Commonwealth v. Wallace*, 119 A.3d 351 (Pa. 2015).

On February 26, 2018, Appellant filed the instant, his second, PCRA petition, which was dated February 20, 2018. On March 5, 2018, the PCRA court issued a notice of its intention to dismiss Appellant's petition without a hearing under Pa.R.Crim.P. 907. On April 19, 2018, the PCRA dismissed as untimely Appellant's second petition. On May 15, 2018, Appellant *pro se* filed a notice of appeal and a motion for reconsideration, which the PCRA court denied on May 22, 2018.[1] Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal,[2] Appellant raises five issues for our review:

[I.] Did the PCRA court commit legal error in failing to recognize newly discovered facts with regard to the timely filing of Appellant's PCRA petition?

[II.] Did the lower court commit legal error and/or abuse its discretion when it; a) dismissed newly discovered facts without an

[1] Because the PCRA court had until May 21, 2018 to rule on Appellant's reconsideration motion, its May 22, 2018 denial of the same is null and void because it fell outside of the thirty-day period. *See* Pa.R.A.P. 1701(b)(3) (providing that a trial court may grant reconsideration of an order subject to a petition for reconsideration, if the petition is filed "within the time provided or prescribed by law," and the trial court enters an order expressly granting reconsideration within the time for filing a notice of appeal); *see also Commonwealth v. Moir*, 766 A.2d 1253, 1254 (Pa. Super. 2000) (noting that "[f]ailure to 'expressly' grant reconsideration within the time set by the rules for filing an appeal will cause the trial court to lose its power to act on the application for reconsideration." (citation omitted)).

[2] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (quoting *Commonwealth v. Rainey*, 928 A.2d 215, 223 (Pa. 2007)).

evidentiary hearing; b) ruled Appellant's response to notice of intent to dismiss untimely; c) denied *pro se* Appellant a chance to amend brief, and; d) failed to order the district attorney to produced records requested in PCRA?

[III.] Did the court incorrectly rule that Appellant's mental health has already been fully considered?

[IV.] Did the court commit legal error by failing to address material issues of fact regarding the merit of Appellant's due process claims of; a) incompetency; b) unlawfully induced plea and ineffective assistance of counsel; c) miscarriage of justice?

[V.] Did the court commit legal error by failing to allow Appellant to withdraw guilty plea?

Appellant's Brief at ix (unnecessary capitalizations omitted) (sic).

Before we may address the merits of this appeal, we must determine whether the PCRA court had jurisdiction to entertain the underlying PCRA petition. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner **and** could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

- 4 -

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b) (emphasis added). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, the record reflects Appellant's judgment of sentence became final on January 5, 2001. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Because Appellant had one year from January 5, 2001, to file his PCRA petition, the current filing is facially untimely given it was filed on February 26, 2018.[3]

_____

[3] The Commonwealth and the PRCA court note that Appellant did not raise his newly-discovered facts claim within sixty days of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b) (2). Appellant counters that the instant PCRA petition was filed within sixty days because he dated and mailed the petition on February 20, 2018. The certified record here, however, does not contain the envelope in which Appellant's PCRA petition was mailed and Appellant does not otherwise provide any certificate of mailing, cash slip, prison account deduction slip, or affidavit. As noted earlier, even though the

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. *See Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008). Here, Appellant alleges that he was unaware of the facts underlying his claim and thereby calls upon the newly-discovered facts exception to the PCRA's time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). Before Appellant may avail himself of this exception, he first must establish that the facts upon which the claim is predicated were unknown and that he could not have ascertained those facts by the exercise of due diligence. *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (citations and quotation marks omitted).

Here, Appellant asserts that on December 22, 2017, he obtained his prison medical records revealing that he was mentally unfit to plead guilty on December 6, 2000. In particular, Appellant refers to a March 2, 2000 note in his medical chart that states "[u]nclear whether Ritalin use contributed to any psychotic symptoms." Reproduced Record (R.R.) at 45. Additionally, Appellant claims that a psychiatric evaluation performed on December 28, 2000 (approximately three weeks after this guilty plea) at SCI Camp Hill, reveals that "Appellant was in no condition to enter contract or assist attorney

_____

instant PCRA petition was dated February 20, 2018, it was not docketed until February 26, 2018. Nonetheless, for purposes, and based on the outcome, of this appeal, we need not address whether Appellant's newly-discovered facts claim was filed within sixty days of the date the claim could have been presented.

regarding relevant information due to being heavily medicated at the time." PCRA Petition, 2/26/18, at 3A.

Appellant is not entitled to relief. As detailed above, Appellant raised the issue challenging his mental fitness at the time of the guilty plea on his first PCRA petition, the dismissal of which the prior panel of this Court affirmed. *See Wallace*, *supra*. Indeed, issues previously raised and litigated are not cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(3) (issue is "previously litigated" if "it has been raised and decided in a proceeding collaterally attacking the conviction or sentence"). Moreover, his prison records merely provide a new source for a previously known fact that his use of medications, including Ritalin, could have impaired him or rendered him incompetent at the time of the guilty plea. *See Marshall*, 947 A.2d at 720 (The focus of the exception is "on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts."). Thus, the issue continues to fail to satisfy the timeliness exception. Accordingly, we affirm the PCRA court's dismissal of Appellant's second petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/15/19