J-S04035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NIKITA REBECKA VALENCIA | : | |
| | : | |
| Appellant | : | No. 976 MDA 2018 |

Appeal from the Judgment of Sentence May 9, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0000433-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NIKITA REBECKA VALENCIA | : | |
| | : | |
| Appellant | : | No. 977 MDA 2018 |

Appeal from the Judgment of Sentence May 9, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0000986-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NIKITA R. VALENCIA | : | |
| | : | |
| Appellant | : | No. 978 MDA 2018 |

Appeal from the Judgment of Sentence May 9, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001526-2017

BEFORE:   SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

_____

*   Former Justice specially assigned to the Superior Court.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MARCH 18, 2019**

Appellant, Nikita Valencia, appeals from the judgment of sentence entered on May 9, 2018, in the Court of Common Pleas of Lycoming County following the revocation of her probationary sentences under three separate docket numbers. Appellant received an aggregate sentence of two to six years' incarceration, which she contends represented an abuse of the court's sentencing discretion. Appellant also contends she entered an unknowing waiver of a pre-sentence investigation after being wrongly advised in open court that she was eligible for a Lycoming County Treatment Court program. Contemporaneous with this appeal, Appellant's counsel has filed a petition to withdraw from representation and an ***Anders*** brief. ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981). Because this appeal is untimely, however, we have no jurisdiction to entertain it, and must quash the appeal.

The trial court's Pa.R.A.P. 1925(a) opinion provides an apt recitation of facts and procedural history that we adopt as our own. For our purposes, we observe that Appellant was sentenced on May 9, 2018 at three trial court docket numbers, following the revocation of her probation. On June 11, 2018, Appellant filed a single notice of appeal bearing all three trial court docket numbers.[1]

_____

[1] Because we quash this appeal as untimely filed under Pa.R.A.P. 903(a), we need not address whether quashal was required pursuant to ***Commonwealth***

The last day of the 30-day appeal period, therefore, was Friday, June 8, 2018. *See Pa.R.A.P. 903(a)* (notice of appeal must be filed within 30 days of entry of order being appealed). The instant appeal, however, was not filed until Monday, June 11, 2018—three days beyond the expiration of the appeal period.

It is well settled that the timeliness of an appeal implicates our jurisdiction and may be considered *sua sponte*. Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal. *Commonwealth v. Crawford*, 17 A.3d 1279, 1281 (Pa. Super. 2011) (citations omitted). Moreover, this Court may not extend the time for filing a notice of appeal. *Pa.R.A.P. 105(b)*; *Commonwealth v. Moir*, 766 A.2d 1253 (Pa. Super. 2000).[2]

This appeal is untimely and we have no jurisdiction to entertain the merits therein. Accordingly, we quash this appeal.

Appeal quashed. Petition for leave to withdraw as counsel dismissed as moot.

_____

*v. Walker*, 185 A.3d 969, 971 (Pa. 2018) (holding "prospectively, where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case."), which was filed prior to the trial court's order in the case *sub judice*.

[2] We note, further, that the record contains no evidence of extraordinary circumstances, such as a court holiday or closing or a breakdown in the operations of the court, that would excuse Appellant's untimely filing. *See Commonwealth v. Burks*, 102 A.3d 497, 500 (Pa.Super. 2014).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/18/2019

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

| | |
|---|---|
| **COMMONWEALTH** | : No's. **CP-41-CR-986-2017** |
| | : **CP-41-CR-433-2016** |
| | : **CP-41-CR-1526-2017** |
| **vs.** | : |
| | : |
| | : |
| **NIKITA VALENCIA,** | : |
| **Appellant** | : **1925(a) Opinion** |

## OPINION IN SUPPORT OF ORDER IN COMPLIANCE WITH RULE 1925(a) OF THE RULES OF APPELLATE PROCEDURE

This opinion is written in support of the court's order dated March 22, 2018 and May 9, 2018.

By way of background, Nikita Valencia (hereinafter "Appellant") pled guilty to Count 1 robbery, a felony of the third degree, under 433-2017 and Count 1, retail theft, a felony of the third degree, under 986-2017.

On August 4, 2017, the court imposed split sentences on both offenses. With respect to robbery under 433-2016, the court sentenced Appellant to a term of county incarceration the minimum of which was six (6) months and the maximum of which was one (1) year to be followed by an additional consecutive two (2) years of probation. Appellant had credit for six (6) months and was paroled. With respect to retail theft under 986-2017, the court sentenced Appellant to a term of county incarceration, the minimum of which was sixty (60) days and the maximum of which was six (6) months plus an additional consecutive one

SCANNED

1



(1) year of probation. Again, Appellant had credit for time served and was paroled. This sentence was to run consecutive to 433-2016 for an aggregate sentence of six (6) months and sixty (60) days, time served, to eighteen (18) months to be followed by three (3) years' probation.

On September 8, 2017, the police charged Appellant with a new retail theft offense, which she allegedly committed on September 7, 2017.

Shortly thereafter, on September 14, 2017, Appellant was before the court on a parole and probation violation hearing for allegedly committing the new retail theft offense, her sixth in all. No bail was set. However, by Order of court dated December 7, 2017, Appellant was directed to be transported to the State Correctional Institution at Muncy for a sixty-day diagnostic evaluation.

On March 16, 2018, Appellant pled guilty to the new retail theft offense, a felony of the third degree, under 1526-2017. The court sentenced Appellant to a term of county incarceration, the minimum of which was six (6) months and the maximum of which was twelve (12) months. The sentence was immediately effective and Appellant had credit for time served from September 7, 2017 to March 15, 2018.

Appellant was before the court on March 22, 2018 for her final hearing on the parole and probation violations under 986-2017 and 433-2016. Because Appellant was convicted under 1526-2017 for an offense she committed while serving her sentences under 986-2017 and 433-2016, the court revoked Appellant's probation and resentenced her to state incarceration. The court, however, did not revoke her parole on the county incarceration portion of her split sentences.

2

Following the March 22, 2018 hearing, the court paroled Appellant from her county sentence under 1526-2017 to the state sentence that was being imposed under 986-2017 and 433-2016. Under 433-2016, Appellant's probationary sentence was revoked and with respect to Count 1, robbery, a felony of the third degree, the court sentenced Appellant to a term of state incarceration, the minimum of which was one and a half (1 ½) and the maximum of which was three (3) years. Under 986-2017, the court revoked Appellant's probation and with respect to Count 1, retail theft, a felony of the third degree, the court sentenced Appellant to serve a consecutive period of state incarceration, the minimum of which was six (6) months and the maximum of which was three (3) years. The total aggregate period of state incarceration was a minimum of two (2) years and a maximum of six (6) years.

Appellant filed a motion to reconsider the probation violation on March 27, 2018, which was summarily denied by order of court dated April 5, 2018. However, on May 9, 2018, the court amended its order to correct obvious clerical and substantive errors. The court's original order dated March 22, 2018 required correction and clarification because it inconsistently stated that Appellant was paroled from her county sentence under 1526-2017, that the sentences under 433-2017 and 986-2017 were consecutive to 1526-2017, and the total aggregate sentence was two and one half (2 ½) years to seven (7) years' incarceration.[1] In the May 9, 2018 order, the court clarified that it had paroled Appellant from all of her county incarceration sentences to her aggregate state sentence of two (2) to six (6) years'

---

[1] The Department of Corrections brought the issue to the court's attention. The court could not simultaneously parole Appellant from the sentence under 1526-2017 and aggregate it with the new state sentence. If the sentences aggregated as stated in the original order, the court would lack jurisdiction to parole Appellant under 1526-2017 and the parole authority would be with the Pennsylvania Board of Probation and Parole.

3

incarceration which was imposed following the revocation of her probationary sentences under 433-2017 and 986-2017. The effective date of the state sentence was March 22, 2018 with credit for time served from March 16, 2018 through March 21, 2018.

Appellant filed an appeal on June 11, 2018. By order of court dated June 20, 2018, the court directed that Appellant file a concise statement of errors complained of on appeal.

On July 23, 2018, Appellant filed her concise statement. Appellant asserted that the court "abused its discretion in imposing a sentence" of two (2) to six (6) years' incarceration and that she "was wrongly advised in open court that she was not eligible for a Lycoming County Treatment Court program."

Appellant's arguments are without any basis or merit whatsoever. The court thoroughly considered all of the relevant factors in imposing its sentence.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment, rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgement for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760-61 (Pa. Super. 2014).

When imposing a sentence, a sentencing court must consider the protection of the public, the gravity of the offense in relation to the impact on the victim and community, and the rehabilitative needs of the defendant. *Commonwealth v. Fullin,* 892 A.2d 843, 847 (Pa. Super. 2006).

When the court revokes a sentence of probation, the sentencing alternatives

4

available to the court are the same as were available at the time of the initial sentencing. 42 Pa. C.S. § 9773 (b). While the court must consider the nature and circumstances of the offense and the history and characteristics of the defendant, the sentencing guidelines do not apply. 42 Pa. C.S.A. § 9781 (d); 204 Pa. Code. § 303.1 (b); *Commonwealth v. Reaves,* 923 A.2d 1119, 1129 (Pa. 2007).

Upon a revocation of probation, the court is precluded from imposing a sentence of total confinement unless, among other things, the defendant has been convicted of another crime. 42 Pa. C.S. § 9771 (c). Moreover, upon the revocation of probation, the court must also consider a defendant's conduct on probation and the length that defendant was serving supervision. 42 Pa. C.S. §9771(b), (d).

The court thoroughly considered Appellant's history on supervision. The retail theft offense to which she pled guilty under 1526-2017 occurred on September 7, 2017, the same day she first met with her adult probation officer after being released on parole just one month earlier on August 4, 2017.

For the past seven years, Appellant's history on supervision had been abysmal. Since being sentenced, in 2010 on a different charge and then being released on supervision, Appellant committed at least seven different criminal offenses. During the same time period, she absconded twice from supervision and committed numerous technical violations, such as failing to report and failing to perform community service.

During this same time period, numerous interventions were attempted, none of which caused Appellant to stop committing crimes. She was incarcerated seven different times for a total of more than three years. She was sent to SCI – Muncy for a diagnostic

5

evaluation. She participated in the Lycoming County Reentry Services program. She participated as well in all of the other programs that were offered by the Lycoming County Adult Probation Office including assessments, treatments, community service and general supervision.

At the time of Appellant's hearing, she had hoped to be placed in the Lycoming County Mental Health Court program but was not eligible because of her robbery conviction. As the probation portion of both of her split sentence was being revoked, robbery was one of the offenses (and retail theft was the other) for which Appellant desired a Mental Health Court placement; robbery was not simply a conviction in her past. Furthermore, it did not appear to the court that Appellant was suffering from a serious mental health disorder. Her diagnosis from Muncy was anxiety disorder and intermittent explosive disorder. She displayed several criminogenic factors for re-offense, such as lack of remorse, poor insight and a history of impulsivity. She also had a history of poor institutional adjustment, anger management problems, failures on prior releases, failures of pre-incarceration programs, and a history of treatment non-compliance. The reason behind her continued criminal behaviors was aptly described as her "anger and resentment toward those she feels had been dealt a better hand in life."

It is clear in this particular case that the court considered all of the relevant sentencing factors including but not limited to Appellant's history and length under supervision and perhaps most importantly, Appellant's failures to refrain from criminal activity.

As the court clearly indicated in its sentencing order, Appellant violated the

considered Appellant's "history on supervision as well as the relevant sentencing factors." In the last seven to eight years Appellant had "undergone seven different periods of county incarceration totaling almost three years." The court also noted that Appellant had "been involved in county programming such as reentry and counseling," yet it had "not proved to be successful" in changing Appellant's behaviors. The court noted that while Appellant was in need of some treatment, county resources were no longer a viable alternative. The court concluded that "since [Appellant] was first placed on supervision she [had] absconded twice, committed a criminal mischief, committed robbery and a related offense, committed five separate retail theft offenses, and [had] technical violations."

Society deserves to be protected from an individual such as Appellant, who was provided numerous opportunities to rehabilitate herself but chose not to do so. Most probably because of Appellant's failure to accept accountability, she has failed in connection with completing her programming or complying with societal rules regarding criminal behavior. Unfortunately, due to Appellant's continuing choices to engage in criminal activity, a substantial period of state incarceration was the only viable option. Prior attempts to address Appellant's behaviors at the county level all failed. Appellant was unable to refrain from engaging in criminal activity for more than four or five weeks after she was paroled. Appellant needed a "wake-up" call and society needed to be protected.

DATE: ___12-29-18___

By The Court,

_____
Marc F. Lovecchio, Judge

7