J-S55025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :---: |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL J. KRAMER | : | |
| | : | |
| Appellant | : | No. 416 WDA 2019 |

Appeal from the PCRA Order Entered March 4, 2019
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0000704-2001


BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

JUDGMENT ORDER BY McLAUGHLIN, J.:            **FILED JANUARY 06, 2020**

Michael J. Kramer has appealed the denial of his Post Conviction Relief Act ("PCRA") petition. 42 Pa.C.S.A. §§ 9541-9546. We quash this appeal as untimely.

After Kramer filed a PCRA petition in August 2018, the PCRA court appointed counsel who filed a **Turner/Finley**[1] letter and a petition to withdraw. The court ultimately granted counsel's petition to withdraw and denied the PCRA petition on January 3, 2019, because Kramer was no longer serving a sentence in this case. Kramer moved for reconsideration, which the PCRA court denied on March 4, 2019. Kramer then filed the instant appeal on March 14, 2019.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988).

On appeal, Kramer raises the following claims:

1. Kramer's claims are not procedurally barred.

2. Kramer's counsel was ineffective.

3. The lower court erred by allowing counsel to withdraw.

4. The lower court erred by disallowing a response.

Kramer's Br. at 3, 5-6.

We do not address the merits of the above claims because the appeal before us is untimely. An aggrieved party may file an appeal within 30 days of the order from which the party appeals. Pa.R.A.P. 903(a). An appeal does not lie from an order denying reconsideration; the appeal must be from the order granting or denying relief in the first instance. **See Commonwealth v. Moir**, 766 A.2d 1253, 1254 (Pa.Super. 2000). The mere filing of a motion for reconsideration does not toll the appeal period. **Gardner v. Consolidated Rail Corp.**, 100 A.3d 280, 283 (Pa.Super. 2014). Rather, the trial court must expressly grant reconsideration during the 30-day appeal period in order to extend the time for taking an appeal. **Moir**, 766 A2d at 1254. The failure to file an appeal within 30 days of an appealable order deprives this Court of jurisdiction. **Valley Forge Center. Associates. v. Rib-It/K.P., Inc.**, 693 A.2d 242, 245 (Pa.Super. 1997).

Here, the PCRA court entered the underlying order denying relief on January 3, 2019. As the thirtieth day after that order was Saturday, February 2, 2019, Kramer had until the following Monday, February 4, 2019, to file a timely notice of appeal. **See** 1 Pa.C.S.A. § 1908 ("Whenever the last day of

any such period shall fall on Saturday or Sunday, . . . such day shall be omitted from the computation"). Kramer filed the instant notice of appeal on March 14, 2019 and therefore it is patently untimely. Furthermore, even if Kramer had filed a timely notice of appeal, we would affirm because Kramer is no longer "currently serving" a sentence in this case and therefore is ineligible for PCRA relief. 42 Pa.C.S.A. § 9543(a)(1)(i); **_Commonwealth v. Plunkett_**, 151 A.3d 1108, 1113 (Pa.Super. 2016) (affirming PCRA court order denying PCRA relief to appellant whose sentence expired).

Appeal quashed. Motion for Appointment of Counsel denied as moot.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/6/2020