J-A19005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SALIM AKBAR | : | |
| | : | |
| Appellant | : | No. 3194 EDA 2019 |

Appeal from the Judgment of Sentence Entered September 16, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0006499-2017,
CP-46-CR-0008002-2017

BEFORE:  PANELLA, P.J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED:  FEBRUARY 16, 2021**

Salim Abdul Akbar filed a *pro se* notice of appeal that appears to seek to appeal the judgment of sentence entered by the Court of Common Pleas of Montgomery County following his guilty plea to disorderly conduct and the judgment of sentence entered by the same court following his guilty plea for receiving stolen property at a different docket number. Appointed counsel filed an **Anders**[1] brief and an application to withdraw from representation. As we are constrained to quash Akbar's appeal as untimely filed, we grant counsel's application.

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

The two matters underlying these appeals stem from separate and unrelated incidents. However, Akbar pled guilty in both dockets on the same date, September 16, 2019. At docket number CP-46-CR-0008002-2017, Akbar pled guilty to receiving stolen property. At the same hearing, he pled guilty to the summary offense of disorderly conduct at docket number CP-46-CR-0006499-2017.

In an order dated September 16, 2019, the trial court sentenced Akbar to three months' probation for the receiving stolen property conviction at docket number CP-46-CR-0008002-2017. In a separate order also dated September 16, 2019, the court imposed no further penalty for the disorderly conduct conviction at docket number CP-46-CR-0006499-2017. Akbar was represented by the office of the public defender during the plea and at sentencing.

On October 25, 2019, the trial court entered an order at each docket number dismissing a post-sentence motion. However, neither docket contains an entry showing that Akbar ever filed a post-sentence motion, much less one that was timely filed.

Although Akbar was represented by the public defender, he nonetheless filed a *pro se* notice of appeal on November 5, 2019. The notice of appeal listed both the CP-46-CR-0008002-2017 and the CP-46-CR-0006499-2017 docket numbers in the caption. The notice of appeal, however, did not identify the order or orders from which the appeal was taken and provided only that

Akbar "hereby give[s] the court of common pleas, Notice of Appeal, [pursuant] to all PA laws that apply to Notice of Appeal." Notice of Appeal, 11/5/19.[2]

The trial court ordered Akbar to file a Pa.R.A.P. 1925(b) statement but the public defender, who was still attorney-of-record for Akbar, did not file one on Akbar's behalf. Accordingly, the trial court removed the office of the public defender from representation based on *per se* ineffectiveness and appointed new counsel. Appointed counsel filed a separate Pa.R.A.P. 1925(b) statement at each docket number, raising the same two claims regarding trial counsel's ineffectiveness in each statement.

The trial court issued a Pa.R.A.P. 1925(a) opinion, concluding that the appeal should be quashed because the notice of appeal violated Pa.R.A.P. 301(a)(1)[3] by not specifying the date of the order or orders being appealed and because the multiple listings of docket numbers on the single notice of appeal violated **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018) (adopting a prospective bright-line rule that a notice of appeal that fails to comply with Pa.R.A.P. 341 and its Note, which require the filing of separate

---

[2] The notice of appeal also stated that Akbar did not have access to a law library and requested a court-appointed attorney.

[3] Pa.R.A.P. 301(a) addresses the requirements for an order to be appealable and provides in relevant part that "no order of a court shall be appealable until it has been entered upon the appropriate docket in the trial court." Pa.R.A.P. 301(a)(1).

notices of appeal when a single order resolves issues arising on more than one trial court docket, shall result in the quashal of the appeal).[4]

Before we can even reach the question of whether the contents of Akbar's notice of appeal violated Pa.R.A.P. 301(a)(1) or **Walker**, we must first determine whether Akbar's notice of appeal was timely filed so as to invoke this Court's jurisdiction in the first instance. **See Commonwealth v. Moir**, 766 A.2d 1253, 1254 (Pa. Super. 2000) (stating that the question of the timeliness of an appeal is jurisdictional). While the trial court's October 25, 2019 order indicated Akbar had filed a post-sentence motion at both docket numbers, neither docket includes the motion. In addition, neither the certified record at docket number CP-46-CR-0008002-2017 nor the certified record at docket number CP-46-CR-0006499-2017 contained a post-sentence motion.

Upon informal inquiry from our prothonotary's office, the prothonotary of the trial court transmitted a supplemental certified record to this Court. That supplemental record included a motion to modify and/or reduce

_____

[4] The trial court also stated that it was not necessary for it to address the ineffectiveness claims raised by the Pa.R.A.P. 1925(b) statement because counsel had, according to the trial court, filed a notice of intent to file an **Anders** brief. On appeal, counsel did file an **Anders** brief, concluding that the record clearly demonstrated that the claims of ineffectiveness Akbar wished to raise were without any arguable merit. However, counsel did not file a contemporaneous application to withdraw from representation, and by extension of that failure, did not attach to that application the letter advising Akbar of his rights under **Anders**. **See Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005). This Court issued an order directing counsel to do so, and counsel complied. Akbar did not file a response to counsel's filings.

sentencing ("motion to modify sentencing") that did not contain any docket numbers in the caption but was dated September 11, 2019, five days before Akbar pled guilty and was sentenced in the instant matters. The motion to modify sentencing also clearly referred to facts and a judgment of sentence relating to other criminal charges filed against Akbar.

Specifically, in the motion to modify sentencing, Akbar recounted that following a trial, he had been found guilty of the introduction of contraband at the Montgomery County Correctional Facility and subsequently sentenced to two to five years of incarceration. Of course, these facts do not match those of the instant matters where Akbar pled guilty to receiving stolen property and disorderly conduct and was sentenced to three months' probation for the former and no further penalty for the latter. The facts in the motion to modify sentencing do, however, match Akbar's unrelated case in **Commonwealth v. Akbar**, No. 3022 EDA 2019, 241 A.3d 457 (Pa. Super. 2020) (unpublished memorandum). There, Akbar was found guilty following a jury trial of, *inter alia*, possession of oxycodone and marijuana as contraband after police found those drugs on Akbar at the Montgomery County Correctional Facility. The trial court subsequently sentenced Akbar to two to five years' imprisonment on September 11, 2019, the date Akbar used on the motion to modify sentencing. Clearly, then, this motion cannot be read as challenging either of the judgments of sentence underlying this appeal.

Even if we were to accept that the motion to modify sentencing was meant to seek modification of the judgments of sentence entered after Akbar's guilty pleas on September 16, 2019, that motion was not stamped as filed until October 22, 2019. To be timely, Akbar would have had to file a post-sentence motion within ten days of his judgment of sentence, or by September 26, 2019. *See* Pa.R.Crim.P. 720(A)(1) (stating that a written post-sentence motion must be filed no later than ten days after the imposition of sentence). As he did not file the motion to modify sentencing until October 22, 2019, even if we were to deem it relevant to the instant matters, that motion would have been untimely filed.

Because Akbar did not file an applicable post-sentence motion in either of these matters, or at best filed an untimely one, he was required to file a notice of appeal within 30 days of the imposition of sentence on September 16, 2019, or by October 16, 2019. *See id*. at 720(A)(3) (providing that if the defendant does not file a timely post-sentence motion, the notice of appeal must be filed within 30 days of the imposition of sentence). Akbar, however, did not file his notice of appeal until November 5, 2019.[5] Accordingly, the

_____

[5] Akbar's notice of appeal was dated October 28, 2019, which is after the deadline for him to file a timely notice of appeal. Moreover, while Akbar was in prison for the above-referenced possession of oxycodone and marijuana as contraband judgment of sentence at the time he filed his notice of appeal in the instant matters, and did file that notice of appeal *pro se*, he does not make any argument that the prisoner mailbox rule applies to his notice of appeal. Even if he had, there is no evidence that the appeal could be considered timely

notice of appeal was not timely filed, and we are therefore constrained to quash the appeal. Given this resolution, counsel's application to withdraw from representation is granted.

Appeal quashed. Counsel's application to withdraw from representation granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/21

---

under that rule. Although there is an envelope attached to the motion to modify sentencing in the record, the envelope is not postmarked until November 1, 2019. *See Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997) (stating that an appeal filed by a *pro se* prisoner is deemed filed on the date the appellant deposits the appeal with prison authorities and/or places it in the mailbox).