J-S25021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY JIMEE PETE | : | |
| | : | |
| Appellant | : | No. 136 WDA 2022 |

Appeal from the PCRA Order Entered November 23, 2021
In the Court of Common Pleas of Butler County Criminal Division at
No(s):  CP-10-CR-0001994-2013

BEFORE:  BENDER, P.J.E., DUBOW, J., and KING, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED: AUGUST 16, 2022**

Anthony Jimee Pete ("Appellant") appeals *pro se* from the Order entered by the Butler County Court of Common Pleas dismissing without a hearing his sixth petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. 9541-46 ("PCRA").  Because this appeal is untimely, this Court lacks jurisdiction to address it.  We, thus, dismiss the appeal.

On March 16, 2015, Appellant entered a guilty plea to one count of Statutory Sexual Assault.  The court sentenced him to a term of 42 months to 144 months of incarceration. After the reinstatement of his direct appeal rights *nunc pro tunc*, this Court affirmed his Judgment of Sentence. **Commonwealth v. Pete**, No. 1223 WDA 2016 (Pa. Super. filed Oct. 4, 2017). Appellant thereafter filed five unsuccessful PCRA Petitions.

In this sixth post-conviction petition, Appellant asserted that he filed a "Private Independent Administrative Process" whereby he sought "proofs of

claim in respect to the above 'charging instrument' and/or case, that the prosecution was lawful, proper, and constitutional so that Undersigned can determine that you and others involved did not commit any violations of statute or law in this matter." *Pro Se* Writ of *Error Corom Nobis* Motion for Post Conviction Collateral Relief, filed Nov. 22, 2021, at (unpaginated) 2. He asserted that because the Honorable Timothy F. McCune did not respond to his "Private Independent Administrative Process," he has "newly discovered evidence" of a "private contract" with the Honorable Timothy F. McCune that Judge McCune accepted by his silence and, thus, "agreed to dischar[g]e all charges." *Id*. at 1.

On November 22, 2021, the PCRA court denied the petition. Appellant filed a Petition for Reconsideration on December 23, 2021. The court denied reconsideration on December 27, 2021.

Appellant *pro se* filed a Notice of Appeal on January 27, 2022, together with a Pa.R.A.P. 1925(b) Statement. The court filed a Rule 1925(a) Opinion, noting that Appellant's Rule 1925(b) Statement included "approximately six issues," each of which was too vague to discern what Appellant intended to raise on appeal.

Appellant sets forth six issues on his Statement of Questions Involved. Before we proceed with our disposition, we must first determine whether Appellant's appeal was timely. We note that the timeliness of an appeal is a jurisdictional question which this Court may raise *sua sponte*. ***Commonwealth v. Trinidad***, 96 A.3d 1031, 1034 (Pa. Super. 2014).

"Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." *Commonwealth v. Green*, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*).

It is well settled that a notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903(a). Here, the PCRA court denied Appellant's PCRA petition on November 22, 2021, and Appellant had until December 22, 2021, to file a timely appeal. The appeal period may only be tolled if the PCRA court enters an order "expressly granting reconsideration" within the thirty-day period. *See* Pa.R.A.P. 1701(b)(3). However, the filing of a motion for reconsideration alone, in the absence of an order from the PCRA court expressly granting reconsideration, does not toll the appeal period. *Commonwealth v. Moir*, 766 A.2d 1253, 1254 (Pa. Super. 2000).

Here, although Appellant filed a motion for reconsideration, the PCRA court denied the motion. *See* Order, 12/27/21. Therefore, the appeal period was not tolled, and Appellant's notice of appeal was due on or before December 22, 2021. As stated, Appellant's appeal was docketed on January 27, 2021, and it is, therefore, untimely. *See* Pa.R.A.P. 903(a).[1] As such, this

---

[1] This Court provided an Order to Appellant seeking a Rule to Show Cause ("RTSC") why the appeal should not be quashed as untimely. Appellant responded with a "Motion to Show Cause Why the Appeal Should Proceed, *Nunc Pro Tunc* ("Response") in which he restates his allegations against Judge

Court lacks jurisdiction to address Appellant's issues. We, thus, dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2022

McCune and asserts that "he did all that could be expected to be done on his own . . . pursuant to the prisoner mailbox rule." Response, filed 3/11/22, at 2. Appellant did not provide any evidence demonstrating that he made an attempt to filed his notice of appeal by December 22, 2021. The prothonotary discharged the RTSC to allow this panel to address the timeliness of this appeal.