J-S19015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                             :         PENNSYLVANIA
                             :
              v.             :
                             :
                             :
                             :
CHRISTOPHER MICHAEL HERSH     :
                             :
          Appellant          :  No. 2537 EDA 2021

Appeal from the PCRA Order Entered September 23, 2021
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0000060-2017,
CP-15-CR-0000072-2017, CP-15-CR-0002071-2017

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED AUGUST 23, 2022**

Christopher Hersh appeals *pro se* from the Chester County Court of Common Pleas' order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We are constrained to quash Hersh's appeal as untimely filed.

After a jury convicted Hersh of multiple counts of burglary and related offenses, the trial court sentenced him to 26 to 52 years' incarceration. Hersh did not file a direct appeal, but did file a *pro se* PCRA petition. Following appointment, counsel filed a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d

_____

[*] Former Justice specially assigned to the Superior Court.

213 (Pa. Super. 1988) (*en banc*), along with an application to withdraw from representation.

The PCRA court granted counsel's application to withdraw and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Hersh's petition without a hearing. Hersh did not file a response. On September 23, 2021, the PCRA court entered an order dismissing the petition. The order twice advised Hersh that he had 30 days in which to file an appeal. Hersh did file a notice of appeal, but not until November 23, 2021.

This Court issued a rule to show cause why Hersh's appeal should not be quashed as untimely. Hersh did not file a response to the rule-to-show-cause order but on February 3, 2022, he filed a *pro se* "Motion For Extension of Time to File Notice of Appeal (Nunc-Pro-Tunc)" ("motion for extension"). In this motion, Hersh maintained he had deposited his notice of appeal with prison authorities for mailing on October 27, 2021, and he appeared to contend this made his notice of appeal timely pursuant to the prisoner mailbox rule. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (stating that an appeal filed by a *pro se* prisoner is deemed filed on the date the appellant deposits the appeal with prison authorities and/or places it in the mailbox).

This Court discharged the rule-to-show-cause order on February 28, 2022, referring the matter to the merits panel. On the same day, we denied Hersh's motion for extension without prejudice for Hersh to again raise the

issues in the motion before the merits panel, either by refiling his motion in writing after the assignment of his appeal to the merits panel or by including the issues in his appellate brief.

Just shy of one month later, Hersh filed a *pro se* "Petition for Administrative Relief Filed Pursuant to Pa.[R.A.P.] 123," which essentially seemed to recycle his claim that his notice of appeal had been timely filed under the prisoner mailbox rule. This Court denied this petition, again without prejudice to Hersh to re-raise the petition's issues before the merits panel, either by refiling his petition in writing after the assignment of his appeal to a merits panel or by including them in his appellate brief.

On appeal to this Court, there is no indication on the docket that Hersh refiled in writing either his motion for extension or his petition for administrative relief. Nor does Hersh raise any argument in his appellate brief related to the timeliness of his notice of appeal. Instead, Hersh raises two claims in his appeal, one claim regarding an alleged delayed receipt of the Rule 907 notice due to COVID-19 and one claim challenging PCRA counsel's representation.

Of course, we do not have jurisdiction to consider either of these claims if Hersh's notice of appeal was untimely filed. **See Commonwealth v. Moir**, 766 A.2d 1253, 1254 (Pa. Super. 2000) (stating that the question of the timeliness of an appeal is jurisdictional). And we agree with the PCRA court that Hersh's notice of appeal was untimely.

As the PCRA court notes, it filed its order denying Hersh's PCRA petition on September 23, 2021. The record reflects that the order was sent by certified mail to Hersh on September 24, 2021. *See* Pa.R.A.P. 108(a)(1) (providing that the date of the entry of the order is the day the clerk mails the order to the parties). Therefore, Hersh had until Monday, October 25, 2021 to file his notice of appeal given that the 30th day of the appeal period fell on a Sunday. *See* Pa.R.A.P. 903 (a) (providing that a notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken); 1 Pa.C.S.A. § 1908 (providing that whenever the last day of the appeal period falls on a weekend, such day shall be omitted from the computation of time).

Hersh did not file his notice of appeal until November 23, 2021, clearly outside the appeal time period. Moreover, Hersh has abandoned his claim that his appeal was timely under the prisoner mailbox rule. Even if he had not, and even if we were to accept Hersh's claims in his previous filings that he gave his notice of appeal to prison authorities for mailing on October 27, 2021,[1] that date was still after his appeal period had expired and would not, as the

---

[1] Hersh has the burden of establishing the date he deposited his appeal with prison authorities, and our courts are inclined to accept any reasonably verifiable proof of that date. *See Jones*, 700 A.2d at 426. Here, none of the various documentation Hersh attached to his motion for extension appears to support his contention that he deposited his appeal on October 27, 2021. For example, Hersh attached a cash slip ostensibly to pay for the postage for his notice of appeal, but that cash slip was dated November 5, 2021. He also attached an "Inmate's Request to Staff Member," in which he requested a cash slip for a "legal manila envelope I mailed on 11/8/21." Inmate's Request to Staff Member, dated 12/1/21.

PCRA court found, "be sufficient to render this appeal timely." PCRA Court Opinion, 12/13/21, at 2.

Appeal quashed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2022